Joshua J. Stowell (Bar No. 246,916)
joshua.stowell@knobbe.com
John B. Sganga, Jr. (Bar No. 116,211
john.sganga@knobbe.com
Brandon G. Smith (Bar No. 307,676)
brandon.smith@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404
Facsimile: (949)-760-9502

Attorneys for Defendants,
Skimlite Manufacturing Inc., James R. Conrad, and Barrett Conrad

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RESH INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SKIMLITE MANUFATURING INC., a California corporation;<br>JAMES R. CONRAD, an individual;<br>BARRETT CONRAD, an individual; and<br>DOES 1-5, inclusive<br>Defendant. | Civil Action No. 5:22-cv-01427-EJD<br><br>Judge Edward J. Davila<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Hearing:<br>Date: October 20,2022<br>Time: 9:00 a.m.<br>Ctrm. 4, 5th Floor |

**TABLE OF CONTENTS**

**Page No.**

I. INTRODUCTION .......... 2

II. DEFENDANTS MOVE TO DISMISS BASED ON RULE 12(b)(6) .......... 4

A. Generalized Allegations Against the Defendants Fail to Say Anything Plausible Regarding What Each Defendant Might Have Done .......... 4

B. Resh's Generalized Allegations Fail to Plausibly Allege Infringement By Any Defendant .......... 5

III. JAMES CONRAD MOVES TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6) .......... 7

IV. BARRETT CONRAD MOVES TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6) AND FOR LACK OF VENUE UNDER RULE 12(b)(3) .......... 8

A. The Complaint Fails to Allege Any Act of Infringement By Barrett Conrad .......... 8

B. Venue Is Improper As to Barrett Conrad .......... 9

1. Venue is not Proper Under § 1400(b)(1) .......... 9

2. Venue is not Proper Under § 1400(b)(2) .......... 10

V. DEFENDANTS MOVE TO DISMISS RESH'S REQUEST FOR A DECLARATION OF PATENT VALIDITY UNDER RULE 12(b)(6) AND TO STRIKE RELATED PORTIONS OF THE COMPLAINT .......... 11

A. Resh Has Not and Cannot State a Claim for a Declaration of Patent Validity .......... 11

B. Resh's Allegations Regarding the Prior Art A.G. Pro Pole Should Be Stricken .......... 12

VI. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**Page No(s).**

*Atuahene v. City of Hartford*,
10 Fed. App'x. 33 (2d Cir. 2001) .... 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).... 3, 4

*Dela Cruz v. Wash. Mutual Bank, FA*,
No. 13-04136-RMW, 2013 WL 6234865
(N.D. Cal. Dec. 2, 2013).... 6

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993) .... 12

*Gauvin v. Trombatore*,
682 F. Supp. 1067 (N.D. Cal. 1988).... 5

*Gen-Probe, Inc. v. Amoco Corp.*,
926 F. Supp. 948 (S.D. Cal. 1996).... 4

*Geovector Corp. v. Samsung Elecs. Co.*,
Case No. 16-cv-02463-WHO, 2016 WL 6662996
(N.D. Cal. Nov. 10, 2016) .... 11

*Int'l Techs. and Sys. Corp. v. Samsung Elecs. Co.*,
No. 17-CV-1748-DOC-JDEX, 2018 WL 4963129
(C.D. Cal. June 22, 2018) .... 10

*In re iPhone Application Litig.*,
No. 11-MD-02250, 2011 WL 4403963
(N.D. Cal. Sept. 20, 2011) .... 4

*Johns Hopkins Univ. v. CellPro, Inc.*,
152 F.3d 1342 (Fed. Cir. 1998) .... 9

*Meyer v. Holley*,
537 U.S. 280 (2003).... 7, 8

*MGIC Indem., Co. v. Weisman*,
803 F.2d 500 (9th Cir. 1986) .... 6

*N. Star Innovations, Inc. v. Toshiba Corp*,
No. 16-cv-115-LPS, 2016 WL 7107230
(D. Del. Dec. 6, 2016).... 4

## TABLE OF AUTHORITIES
**(*cont'd*)**

**Page No(s).**

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
No. 13-2052, 2014 WL 4675316
(D. Del. Sept. 19, 2014) .......... 4, 7

*Semiconductor Energy Lab. v. Nagata*,
706 F.3d 1365 (Fed. Cir. 2013) .......... 11

*T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*,
No. 16-CV-581-RGA-MPT, 2017 WL 896988
(D. Del. Mar. 7, 2017) .......... 7

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
137 S. Ct. 1514 (2017) .......... 9

*VanZandt v. Okla. Dep't of Human Servs.*,
276 Fed. App'x. 843 (10th Cir. 2008) .......... 5

*Welker Bearing Co. v. PHD, Inc.*,
550 F.3d 1090 (Fed. Cir. 2008) .......... 9

*Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*,
609 F.3d 1308 (Fed. Cir. 2010) .......... 6, 7, 8

## OTHER AUTHORITIES

28 U.S.C. § 1400 .......... 9

35 U.S.C. § 271 .......... 5, 7, 9

35 U.S.C. § 282 .......... 11

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 20, 2022, at 9:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Edward J. Davila, Courtroom 4, 5th Floor of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, Defendants Skimlite Manufacturing Inc., James R. Conrad, and Barrett Conrad (collectively, "Defendants") will and hereby move the Court for an order dismissing the Complaint filed by Plaintiff Resh, Inc. in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Defendants move to dismiss the Complaint on several grounds and also move to strike immaterial portions of the Complaint. First, all three defendants move to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) because the Complaint includes only generalized patent infringement allegations against the "Defendants" as a whole and does not contain specific patent infringement allegations against each Defendant. Second, Defendant James Conrad moves to dismiss the Complaint against him for failure to state a claim under Rule 12(b)(6) because the Complaint fails to allege he individually committed an act of infringement and fails to identify any facts that would support such a claim. Third, Defendant Barrett Conrad moves to dismiss the Complaint against him (1) for failure to state a claim under Rule 12(b)(6) because the Complaint fails to allege he individually committed an act of infringement and fails to identify any facts that would support such a claim and (2) for lack of venue under Rule 12(b)(3). Defendants also move to dismiss Resh's prayer for relief "For a judgment declaring that the '852 patent is not invalid" under Rule 12(b)(6) because Resh has not plead any claim entitling it to such relief, and as a matter of law, cannot do so. Defendants also move to strike approximately 60 pages of the Complaint under Rule 12(f) because they contain immaterial and impertinent allegations regarding the prior art and validity of the '852 patent.

**I. INTRODUCTION**

Resh has alleged a single claim of patent infringement against two allegedly infringing swimming pool cleaning poles sold by Skimlite Manufacturing Inc. ("Skimlite"). *See, e.g.*, Dkt. 1 at Ex. C (purportedly containing patent infringement allegations). Yet, despite the simplicity of Resh's legal claim, the Complaint and Exhibits spans 213 pages and often diverge into legal arguments and allegations regarding topics that are immaterial to the patent infringement claim. Additionally, Resh asserts infringement not just against Skimlite, but also two of Skimlite's principals, James Conrad and Barrett Conrad. However, Resh has not specifically identified the allegedly infringing acts performed by each Defendant. Rather, Resh resorts to generalized allegations against the "Defendants" as a whole, which prevents Skimlite and the Conrads from determining which alleged acts they are accused of performing. Resh's generalized allegations

fail the *Iqbal* / *Twombly* notice pleading standard and make it impossible for the Defendants to intelligently respond to the Complaint. Thus, Defendants collectively move to dismiss the Complaint.

Additionally, Resh fails to make any factual allegations that would support a claim of patent infringement against James Conrad or Barrett Conrad. For example, Resh has not plead any facts to establish that either individual committed any infringing acts. Likewise, Resh has not plead any facts that would support piercing the corporate veil or an alter ego theory of liability. Nor do any such facts exist. Consequently, James Conrad and Barrett Conrad individually move to dismiss the Complaint against them.

Barrett Conrad also moves to dismiss the Complaint against him for improper venue. Barrett Conrad is a resident of the Middle District of Florida, not the Northern District of California. Under the patent venue statute, Resh cannot proceed with its allegations of patent infringement against Barrett Conrad in this Court.

Lastly, the Complaint includes in its Prayer a request for a "declaration that the '852 patent is not invalid." However, Resh has not filed a declaratory judgment action seeking a declaration that its patent is not invalid, nor could it. The Federal Circuit has held that a claim seeking to affirm the validity of a patent is not a viable cause of action. The Complaint also includes a series of allegations solely related to this improper request for a declaration of patent validity. For example, Resh titled the portion of the Complaint beginning at paragraph 140, "Defendants' Alleged Evidence of Prior Art 'A.G. Pro Pole' is Insufficient as a Matter of Law." As the heading suggests, the next 82 paragraphs contain a series of allegations and legal citations allegedly related to the prior art status of the A.G. Pro Pole. These allegations are immaterial to the lone patent infringement claim made in the Complaint. Forcing Defendants to respond to almost 60 pages of immaterial allegations would be burdensome to Defendants and unnecessarily increase the costs of responding to the Complaint. For these reasons, Defendants request that the Court strike paragraphs 140 to 222 and, to the extent Resh is permitted to file an amended Complaint, order Resh not to replead them.

/ / /

## II. DEFENDANTS MOVE TO DISMISS BASED ON RULE 12(B)(6)

Resh alleges infringement by three separate defendants: Skimlite, James Conrad, and Barret Conrad. Yet, Resh fails to identify specific acts of infringement attributable to each defendant. Instead, Resh makes generalized allegations regarding the "Defendants" as a whole. Resh's generalized allegations fail the *Iqbal* / *Twombly* pleading standard. Consequently, the Complaint should be dismissed.

### A. Generalized Allegations Against the Defendants Fail to Say Anything Plausible Regarding What Each Defendant Might Have Done

For a complaint to meet the *Iqbal* / *Twombly* pleading standard, and survive a Rule 12(b)(6) motion, it must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that makes generalized allegations against multiple defendants and provides no factual basis to distinguish their conduct "says ***nothing plausible*** as to what any particular [defendant] might have done." *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. 13-2052, 2014 WL 4675316, at *7 (D. Del. Sept. 19, 2014) (emphasis added); *N. Star Innovations, Inc. v. Toshiba Corp*, No. 16-cv-115-LPS, 2016 WL 7107230, at *2 (D. Del. Dec. 6, 2016) (dismissing grouped allegations).

Proper pleading requires identifying ***each defendant's*** allegedly infringing actions "without resort[ing] to generalized allegations against Defendants as a whole." *In re iPhone Application Litig.*, No. 11-MD-02250, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011). This is because generalized pleadings against the "Defendants" as a whole make "it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations." *Id.* Consequently, courts routinely dismiss pleadings containing generalized allegations against a group of defendants because the pleadings do not satisfy the notice requirement of Rule 8(a)(2) and the *Iqbal* / *Twombly* plausibility standard. *See, e.g.*, *Neology*, 2014 WL 4675316, at *7 (recommending dismissal of complaint that grouped defendants together because the grouped allegations did not allege that any particular defendant had the required knowledge); *In re iPhone Application Litig.*, 2011 WL 4403963, at *8 (dismissing complaint that grouped defendants together with leave to amend); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal.

1996) (recognizing that dismissal with leave to amend is appropriate); *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (dismissing complaint because grouped allegations did not provide notice of what each defendant stood accused); *also VanZandt v. Okla. Dep't of Human Servs.*, 276 Fed. App'x. 843, 849 (10th Cir. 2008) (dismissing claims for failure to differentiate between the actions of multiple defendants); *Atuahene v. City of Hartford*, 10 Fed. App'x. 33, 33 (2d Cir. 2001) (dismissing complaint that failed to provide a factual basis to distinguish the conduct of multiple defendants).

**B. <u>Resh's Generalized Allegations Fail to Plausibly Allege Infringement By Any Defendant</u>**

Resh's 213-page Complaint consistently makes allegations regarding the "Defendants." Resh defines "Defendants" in the Complaint "to include not only 'Skimlite' and 'James Conrad' and 'Barrett Conrad,' but also any and/or all other Defendants or any individuals or entities acting on behalf of or in coordination with the named Defendants regarding the matters discussed herein." Dkt. 1, ¶ 18. Thus, any allegations referring to "Defendants" includes the three named Defendants and various other unidentified persons. Given this broad definition, the Defendants have no way of knowing which allegations allegedly apply to them.

As an example, Resh alleges that "***Defendants'*** poles infringe Plaintiff's '852 patent claims." Dkt. 1, ¶ 59 (emphasis added). Similarly, Resh alleges that "***Defendants*** make, use, sell, offer for sell, and/or import into the U.S. products that infringing Plaintiff's '852 patent." *Id.*, ¶ 60 (emphasis added). Yet, nowhere in the Complaint does Resh identify the alleged acts of infringement (make, use, sell, offer to sell, and/or import) specifically performed by each individual Defendant. As explained further below, the Complaint does not contain ***any*** specific allegations that Skimlite, James Conrad, or Barrett Conrad make, use, offer to sell, sell, or import into the United States the accused swimming pool cleaning poles as required by 35 U.S.C. § 271.[1]

/ / /

[1] Resh admits that the alleged video of Barrett Conrad referenced in Paragraphs 57 and 58 and in Exhibit C pre-dates the issuance of the '852 patent. As discussed further below, the actions in this video cannot constitute acts of patent infringement.

As another example, Resh asserts that "Plaintiff sued ***Defendants*** in 2018 and forced ***Defendants*** to change ***Defendants'*** then-existing pole design…" Dkt. 1 ¶ 42 (emphases added). But, the prior lawsuit did not involve allegations of infringement against James Conrad or Barrett Conrad, further illustrating the confusion caused by Resh's allegations against "Defendants" as a whole. *See Resh, Inc. v. Skimlite Mfg. Inc.*, 5-18-cv-00291 (C.D. Cal. Feb. 2, 2018); *also* Declaration of Brandon G. Smith ("Smith Decl.") Ex. 1 (order on motion to dismiss).[2] As a further example, the Complaint includes numerous allegations regarding "Defendants' patent application." *See* Dkt. 1 ¶¶ 43-56. But nowhere in these paragraphs is there any mention of an action by Barrett Conrad or why these allegations apply to him. *See id.* Similarly, Paragraphs 57 and 58 include allegations relating to a YouTube video allegedly posted by "Defendants" demonstrating the use of a pole by Defendant Barrett Conrad. Dkt. 1, ¶¶ 57-58. However, despite levying the allegations against the "Defendants," there are no allegations specific to James Conrad. *Id.* These are just some of the many examples where Resh has relied on improper generalized allegations against the "Defendants" as a whole.

Moreover, Resh does not plead any facts establishing, or even suggesting, that Skimlite is an alter ego of the Conrads or any other facts that would support piercing the corporate veil and attributing the activities of Skimlite to the Conrads. Under basic principles of corporate law, James Conrad and Barrett Conrad cannot be individually liable for Skimlite's alleged infringement absent some other alter-ego evidence. *E.g.*, *Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*, 609 F.3d 1308, 1313-14 (Fed. Cir. 2010) ("the 'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.'"). Consequently, to maintain its claims for infringement against each Defendant, Resh must identify allegedly infringing acts performed by each Defendant, which it has not done.

---

[2] The Court can take judicial notice of the order from the prior case between Resh and Skimlite as a matter of public record under Federal Rule of Evidence 201. *E.g.*, *MGIC Indem., Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking notice of judicial documents); *Dela Cruz v. Wash. Mutual Bank, FA*, No. 13-04136-RMW, 2013 WL 6234865, at *2 (N.D. Cal. Dec. 2, 2013) (same).

Because of the generalized allegations against the "Defendants" as a whole, the Complaint "says nothing plausible as to what any particular [defendant] might have done." *Neology*, 2014 WL 4675316, at *7. The Complaint should therefore be dismissed.

## III. JAMES CONRAD MOVES TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)

James Conrad hereby requests that the Court dismiss the Complaint against him because Resh fails to plead any factual allegations that would constitute patent infringement by him. It is axiomatic in a patent case that a plaintiff must allege an act of infringement by each defendant. *See, e.g.*, *T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, No. 16-CV-581-RGA-MPT, 2017 WL 896988, at *7 (D. Del. Mar. 7, 2017) (dismissing complaint for failure to allege "that each defendant committed at least one infringing act"). Yet, Resh's Complaint identifies no alleged acts of infringement committed by James Conrad.

Resh alleges that James Conrad is a principal of Skimlite. Dkt. 1, ¶ 16. However, as discussed above, Resh makes no allegation regarding alter ego or piercing the corporate veil. Therefore, Resh must identify specific acts of infringement by James Conrad to present a plausible claim. *See Meyer v. Holley*, 537 U.S. 280, 285-86 (2003) ("in the absence of special circumstances it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by its employees or agents"); *Wordtech*, 609 F.3d at 1313-14 ("the 'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.'").

The individual allegations against James Conrad are threadbare and do not contain any act that could constitute infringement. The Complaint merely alleges that (1) James Conrad began working at Skimlite around 1959 and has "worked at Skimlite his entire adult life," (Dkt. 1 ¶¶ 4, 8), (2) that James Conrad allegedly saw one of Plaintiff's swimming pool poles at a trade show (*id.* ¶¶ 38, 66, 78), and (3) that James Conrad signed a declaration during prosecution of a Skimlite patent application, (*id.* ¶ 53). None of these alleged activities constitutes patent infringement. *See* 35 U.S.C. 271(a) ("whoever without authority makes, uses, offers to sell, or

sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent"). Aside from these sparse allegations, the Complaint does not include any other specific allegations against James Conrad, and instead merely includes the generalized allegations against "Defendants" as a whole discussed in the prior section.

Thus, because the Complaint lacks any allegation that James Conrad committed an act of infringement, Resh fails to adequately plead patent infringement by James Conrad. Consequently, the Complaint should be dismissed as to James Conrad.

## IV. BARRETT CONRAD MOVES TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6) AND FOR LACK OF VENUE UNDER RULE 12(B)(3)

Barrett Conrad hereby requests that the Court dismiss the Complaint against him for two reasons: (1) Resh fails to plead that he committed an act of infringement and (2) venue is not proper in this District.

### A. The Complaint Fails to Allege Any Act of Infringement By Barrett Conrad

Resh fails to allege any act of infringement committed by Barrett Conrad. As with James Conrad, the Complaint alleges that Barrett Conrad "is a principal of Defendant Skimlite," but fails to make any other factual allegations demonstrating the Skimlite is Barrett Conrad's alter ego. Dkt. 1, ¶ 17; *see Meyer*, 537 U.S. at 285-86; *Wordtech*, 609 F.3d at 1313-14. Therefore, Resh must identify specific acts of infringement by Barrett Conrad to present a plausible claim.

The individual allegations against Barrett Conrad are even more sparse than those against James Conrad. Resh pleads that "Barrett Conrad began working at Skimlite more recently." Dkt. 1, ¶ 4. Resh also alleges that in a YouTube video "Barrett Conrad admits that Defendants' infringing SnapLite poles are 'quickly becoming many people's favorite.'" *Id.*, ¶ 57. Neither working at Skimlite, nor speaking about Skimlite's poles is an act of infringement.

Resh also alleges in Exhibit C that the YouTube video shows Barrett Conrad using one of the accused poles. Dkt. 1 at Page 183. However, Resh also admits that this YouTube video was posted over a year before the '852 patent issued. *See id.* ("Defendants posted the video on May 15, 2020"); *id.* at Page 145 ('852 patent issue date of October 12, 2021). Barrett Conrad's use of

any pole prior to the issuance of a patent does not constitute patent infringement as a matter of law. *E.g.*, *Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1095 (Fed. Cir. 2008) (creating prototypes prior to issuance of the patent is not an act of infringement); *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1336 (Fed. Cir. 1998) ("Mere possession of a product which becomes covered by a subsequently issued patent does not constitute an infringement of that patent until the product is used, sold, or offered for sale in the United States ***during the term of the patent***." (emphasis added)); *also* 35 U.S.C. § 271 (requiring the infringing act be committed "during the term of the patent therefor"). Accordingly, the factual allegations relating to the YouTube video do not support a claim of patent infringement against Barrett Conrad.

Thus, because the Complaint lacks any allegation that Barrett Conrad individually committed an act of infringement, Resh fails to adequately plead patent infringement by Barrett Conrad. Consequently, the Complaint against Barrett Conrad should be dismissed.

### B. Venue Is Improper As to Barrett Conrad

The Supreme Court ruled that 28 U.S.C. § 1400(b) is the exclusive patent venue statute. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017). Section 1400(b) contains only two options for venue in a patent case: (1) "where a defendant resides" and (2) "where the defendant has committed acts of infringement and has a regular and established place of business." Neither is applicable to Barrett Conrad.

#### 1. Venue is not Proper Under § 1400(b)(1)

Resh alleges that venue is proper against the Defendants because the "Defendants reside in this district, have committed acts of patent infringement in this district, and have a regular and established place of business in this district." Dkt. 1 at ¶ 22. Resh further alleges, based "[u]pon information and belief," that Barrett Conrad "is an individual residing in or near Salinas, CA." *Id.* at ¶ 17. Resh does not plead any other facts supporting its allegations of residency and its allegations with respect to Barrett Conrad are incorrect.

Barrett Conrad does not reside in this District. Conrad Decl. ¶¶ 3-5. Barrett Conrad resides in Lakeland, Florida and has done so since October 2021, when he moved to Lakeland, Florida shortly after purchasing a home there. *Id.* Barrett Conrad filed a formal declaration with

Polk County, Florida in October 2021 indicating that his place of abode in Florida constitutes his predominant and principal home and the he intends to continue it permanently as such. *See* Florida Statute 222.17. *Id.* Mr. Conrad also recently obtained a Florida driver's license in January 2022, which is further evidence of his residency. *Id.* Venue is determined as of the filing date of the action. *See, e.g.*, *Int'l Techs. and Sys. Corp. v. Samsung Elecs. Co.*, No. 17-CV-1748-DOC-JDEX, 2018 WL 4963129, at *6 n.2 (C.D. Cal. June 22, 2018). Consequently, Barrett Conrad was a resident of Florida when Resh filed its Complaint on March 7, 2022 and, therefore, venue is not proper in this District under § 1400(b)(1).

**2. <u>Venue is not Proper Under § 1400(b)(2)</u>**

Venue under § 1400(b)(2) requires plausible factual allegations that Barrett Conrad committed an act of infringement in this district.[3] However, as discussed above, Resh fails to make such an allegation in its Complaint. The YouTube video referenced in Exhibit C to the Complaint allegedly showing Barrett Conrad using an allegedly infringing swimming pool pole cannot constitute an act of infringement because it was posted over a year before the issuance of the '852 patent. *See id.* at Page 183 ("Defendants posted the video on May 15, 2020"); *id.* at Page 145 ('852 patent issue date of October 12, 2021). Furthermore, the Complaint does not contain any allegation that the video was filed "in this district," as required by § 1400(b)(2). Thus, Resh fails to allege that Barrett Conrad committed an act of infringement in this judicial district and, therefore, venue is not proper in this district under § 1400(b)(2).

For this additional reason, the Complaint against Barrett Conrad should be dismissed.

/ / /

/ / /

/ / /

/ / /

---

[3] There is an open question regarding how the "regular and established place of business" portion of Section 1400(b)(2) applies to individual defendants. Because the Court need not reach this issue to decide this motion, Barrett Conrad does not brief it here. Barrett Conrad does not concede that he personally has a regular and established place of business in this District and reserves the right to argue as such if Resh attempts to maintain its case against him in this Court.

## V. DEFENDANTS MOVE TO DISMISS RESH'S REQUEST FOR A DECLARATION OF PATENT VALIDITY UNDER RULE 12(B)(6) AND TO STRIKE RELATED PORTIONS OF THE COMPLAINT

### A. Resh Has Not and Cannot State a Claim for a Declaration of Patent Validity

In addition to failing to properly plead infringement against any Defendant, Resh improperly seeks relief in the form of "a judgment declaring that the '852 patent is not invalid." Dkt. 1 at 143. However, Resh has not plead any claim that would entitle it to a declaration of patent validity. Notably, Resh has not filed this lawsuit under the Declaratory Judgment Act, which would have been a prerequisite to seeking such declaratory relief.

Moreover, as Resh knows from a previous litigation it filed against Skimlite (and from Federal Circuit precedent), a patent owner cannot seek a declaration that its patent is valid. *See* Smith Decl. Ex. 1 at 3-4. The Federal Circuit has held that "seeking a declaratory judgment of patent validity … is not a viable cause of action." *Semiconductor Energy Lab. v. Nagata*, 706 F.3d 1365, 1370 (Fed. Cir. 2013). Courts have explained that "a patent holder does not have an affirmative right to affirm the validity of a patent as '[p]atents are presumed valid under 35 U.S.C. § 282.'" *Geovector Corp. v. Samsung Elecs. Co.*, Case No. 16-cv-02463-WHO, 2016 WL 6662996, at *5 (N.D. Cal. Nov. 10, 2016) (quoting *XimpleWare, Inc. v. Versata Software, Inc.*, Case No. 5:13-cv-05161-PSG, 2014 WL 6687219, at *9 (N.D. Cal. Nov. 25, 2014)). In the previous litigation between the Parties, Resh sought a declaration that its asserted patent was valid, and the Court correctly dismissed the request for relief because it is not a viable cause of action. *Id.* Presumably, Resh requests this relief in view of Skimlite's identification of the A.G. Pro Pole as invalidating prior art. *See* Dkt. 1 ¶¶ 140-222. However, Defendants' refusal to accept the validity of the '852 patent "is not an 'actual controversy' within the meaning of Article III." *Geovector*, 2016 WL 6662996, at *6. As stated by the court in *Geovector*, Resh "already has the right to enforce its patents under patent law and [Defendants'] attitude toward its patents is not otherwise actionable." *Id.* For these reasons, the Court should dismiss Resh's requested relief for a declaration that its patent is not invalid under Rule 12(b)(6).

/ / /

**B. Resh's Allegations Regarding the Prior Art A.G. Pro Pole Should Be Stricken**

In addition to dismissing Resh's requested declaration of validity, the Court should strike Paragraphs 140 to 222 of Resh's Complaint, which relate solely to this requested relief. Under Rule 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial" subject matter is "that which has no essential or important relationship to the claim for relief … being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Similarly, "impertinent" subject matter includes "statements that do not pertain, and are not necessary to, the issues in question." *Id.*

Paragraphs 140 to 222 include alleged factual allegations and legal arguments regarding a particular piece of prior art raised in pre-suit negotiations—the A.G. Pro Pole—and read more like a summary judgment motion than a pleading. *See* Dkt. 1, ¶¶ 140-222 (*e.g.*, "Defendants … have not met their burden to establish that the 'A.G. Pro Pole' is prior art."). Indeed, most of these paragraphs contain legal arguments regarding the corroboration of the prior art identified by Skimlite during the pre-suit negotiations. *See id.*, ¶¶ 147-150, 160-161, 168-193, and 208-222. These alleged factual allegations and legal conclusions are immaterial and impertinent to the lone claim of patent infringement raised in the Complaint. Resh cannot legally seek a declaration that its patent is valid and, therefore, even if Resh had raised a declaratory judgment claim for patent validity the paragraphs would still be immaterial and impertinent to any plausible claim.

Resh will have the opportunity to respond in discovery to any invalidity contentions proffered by Defendants. Resh would also have the ability to respond to a counterclaim for patent invalidity, should any be made, in its Answer. However, requiring Defendants to respond to almost 60 pages of immaterial and impertinent pleadings at this stage of the proceedings unfairly and unnecessarily multiplies the proceedings and increases the costs of the litigation. For these reasons, the allegations in Paragraphs 140 to 222 of the Complaint should be stricken as immaterial and impertinent. Further, to the extent the Court grants Resh leave to amend its pleadings, Defendants request that the Court order Resh not to include the content of Paragraphs 140-222 in any amended complaint for patent infringement.

## VI. CONCLUSION

Despite its great length, Resh's Complaint fails to properly plead any cause of action against any Defendant. For this reason, and those listed above, Resh's Complaint should be dismissed.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 21, 2022

By: */s/ Joshua J. Stowell*
Joshua J. Stowell
John B. Sganga, Jr.
Brandon G. Smith

Attorneys for Defendants
SKIMLITE MANUFATURING INC.,
JAMES R. CONRAD, and BARRETT CONRAD