UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RESH, INC,<br><br>    Plaintiff,<br><br>  v.<br><br>SKIMLITE MANUFACTURING INC, et al.,<br><br>    Defendants. | Case No. 22-cv-01427-EJD   (VKD)<br><br>**ORDER RE OCTOBER 28, 2022 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 41 |

  Defendants Skimlite Manufacturing, Inc. ("Skimlite"), Barrett Conrad, and James Conrad ask the Court to order plaintiff Resh, Inc. ("Resh") to respond to Skimlite's Interrogatories Nos. 1 and 2. Dkt. No. 41. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

  For the reasons explained below, the Court orders Resh to provide substantive responses to the interrogatories.

## I. BACKGROUND

  In this action, Resh alleges that all defendants infringe its U.S. Patent No. 11,141,852, which is directed to a telescoping pole for cleaning pools. Dkt. No. 1 ¶ 24, Ex. A. As required by this Court's Patent Local Rules and the operative scheduling order, the parties have exchanged infringement and invalidity contentions. Dkt. No. 41 at 1; *see* Dkt. No. 26 at 2.

  In their invalidity contentions, defendants identified two physical pool poles, the A.G. Pro pole and the Solakian pole, as prior art to the asserted claims of the '852 patent under 35 U.S.C. § 102. Dkt. No. 41 at 2. During discovery, defendant Skimlite served two interrogatories concerning these prior art poles:

> Interrogatory No. 1: Describe the complete factual and legal bases for Your contention that the A.G. Pro pole does not anticipate the Asserted Claims or render the Asserted Claims obvious alone or in combination with references identified in Appendix A to Skimlite's Invalidity Contentions.
>
> Interrogatory No. 2: Describe the complete factual and legal bases for Your contention that the Solakian pole does not anticipate the Asserted Claims or render the Asserted Claims obvious alone or in combination with references identified in Appendix A to Skimlite's Invalidity Contentions.

Dkt. No. 41-1 at 5. Resh objected to both interrogatories as not relevant and premature. Dkt. No. 41-2 at 6.

## II.     LEGAL STANDARD

A party may serve an interrogatory to obtain discovery of "any matter that may be inquired into under Rule 26(b)" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(a)(2). Rule 26(b) permits discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

In responding to an interrogatory, a party must answer "separately and fully" to the extent the interrogatory is not objected to. Fed. R. Civ. P. 33(b)(3). Any grounds for objection must be stated with specificity. Fed. R. Civ. P. 33(b)(4). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). As a general matter, a party may obtain answers to contention interrogatories after substantial discovery is completed or if it shows that obtaining answers now would contribute meaningfully to: "(1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56."

*In re eBay Seller Antitrust Litig.*, No. 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) (citing *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985)). These guidelines must not be employed rigidly; the Court must make a determination on a case-by-case basis. *Id.*

## III. DISCUSSION

Resh argues that it should not be required to answer Skimlite's Interrogatories Nos. 1 and 2 because defendants have not yet identified any evidence sufficiently corroborating their contention that the A.G. Pro and Solakian poles are prior art. Dkt. No. 1 at 3. Resh argues that the discovery Skimlite seeks is not relevant to any claim or defense unless and until defendants identify evidence other than the oral testimony of a witness showing that the poles were in public use, or on sale, or otherwise public. *Id.* at 3-5.[1] Defendants acknowledge that whether the poles qualify as prior art is a disputed issue in the case, but argue that they should not be precluded from obtaining discovery of Resh's other positions with respect to this alleged prior art (if Resh has any other positions) while they continue to develop evidence concerning this disputed issue. *Id.* at 2.

The Court is not persuaded by Resh's argument that the discovery sought in these two interrogatories is not relevant to any claim or defense. Having identified the poles as invalidating prior art in their invalidity contentions, defendants clearly have put these poles at issue as part of their defense to Resh's infringement claims, and discovery of Resh's opposing positions is relevant to this invalidity defense.

Resh misapprehends the role of the corroboration requirement for oral testimony. While Resh is correct that "[g]enerally, oral testimony of prior public use must be corroborated in order to invalidate a patent," that rule reflects concern about the sufficiency of such evidence for proving prior public use *on the merits*. *See, e.g., Juicy Whip, Inc. v. Orange Bang, Inc.,* 292 F.3d 728, 737-38, 741-743 (Fed. Cir. 2002) (discussing clear and convincing standard for proving invalidity; discussing authority regarding sufficiency of oral testimony). Defendants ultimately may not be able to sustain their burden of proof on summary judgment or at trial that these two pool poles

---

[1] It is not clear from the record before the undersigned whether defendants' invalidity contentions rely on the pre- or post-AIA version of 35 U.S.C. § 102.

1    qualify as prior art.  However, the corroboration requirement is not a bar to obtaining *discovery* of
2    other evidence that may also be pertinent to the question of whether these poles are invalidating
3    prior art.  Defendants are not required to establish a prima facie case of invalidity, or any
4    particular element of their invalidity defense, before obtaining discovery of Resh's opposing
5    positions.  *See, e.g.*, *Apple Inc. v. Wi-LAN Inc.*, No. 14-cv-2235-DMS (BLM), 2018 WL 733740,
6    at *5 (S.D. Cal. Feb. 6, 2018).  Resh cites no authority to the contrary.

7           Moreover, "[a]ssessing the sufficiency of evidence which corroborates a witness's
8    testimony concerning invalidating activities has been analyzed under the 'rule of reason' test, and
9    it is a jury question." *Adenta GmbH v. OrthoArm, Inc.*, 501 F.3d 1364, 1372 (Fed. Cir. 2007)
10   (citing *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371 (Fed. Cir. 1998)).  "A
11   'rule of reason' analysis involves an assessment of the totality of the circumstances including an
12   evaluation of all pertinent evidence." *Id.*  "Importantly, this analysis 'does not require that every
13   detail of the testimony be independently and conclusively supported' by the corroborating
14   evidence." *TransWeb, LLC v. 3M Innovative Properties Co.*, 812 F.3d 1295, 1301-02 (Fed. Cir.
15   2016) (quoting *Ohio Willow Wood Co. v. Alps South*, 735 F.3d 1333, 1348 (Fed. Cir. 2013)).  The
16   discovery defendants seek may also bear on the totality of the circumstances that inform the "rule
17   of reason" analysis.

18          Although Resh says that Skimlite's Interrogatories Nos. 1 and 2 are "premature," it does
19   not argue that it has had insufficient opportunity to develop its contrary positions or is otherwise
20   unable to provide the factual and legal bases for those positions.  *See* Dkt. No. 41 at 3-5.  Resh
21   does not dispute that defendants disclosed both of the poles in their invalidity contentions, or that
22   it has known of both poles for over a year and has had an opportunity to examine them.  *See id.* at
23   2, 3.  Resh acknowledges that the Solakian pole was submitted to the Patent Office during its
24   prosecution of the underlying patent applications and that the A.G. Pro pole is discussed at length
25   in Resh's own complaint.  *Id.* at 3.  While discovery in this matter is not yet complete, substantial
26   investigation and discovery of these two poles appears to have already occurred.  *See, e.g.*,
27   *Rubalcava v. City of San Jose,* No. 20-cv-04191 BLF (VKD), 2022 WL 2668379, at *3 (N.D. Cal.
28   July 11, 2022) (discussing significance of pre-complaint investigation and discovery to date for

United States District Court
Northern District of California

1   dispute regarding contention interrogatories).

2       Resh has already partially answered the disputed interrogatories by describing the legal
3   bases for its position that, without corroboration, defendants cannot show that the A.G. Pro and
4   Solakian poles qualify as prior art.  Dkt. No. 41-2 at 6.  Requiring Resh to disclose the factual and
5   legal bases for any other reasons it contends these poles do not anticipate or render obvious any
6   asserted claim of the '852 patent will clarify, and may even narrow, the scope of the parties'
7   dispute concerning defendants' invalidity contentions regarding these poles.

## IV.  CONCLUSION

    For the reasons explained above, the Court concludes that Skimlite's Interrogatories Nos. 1 and 2 seek discovery of relevant evidence and are not premature.  Resh must serve supplemental responses to these interrogatories no later than **December 14, 2022**.

**IT IS SO ORDERED.**

Dated: November 14, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge