UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RESH, INC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SKIMLITE MANUFACTURING INC, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-01427-EJD   (VKD)<br><br>**ORDER RE NOVEMBER 4, 2022 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 42 |

　　　　Plaintiff Resh, Inc. ("Resh") and defendants Skimlite Manufacturing, Inc. ("Skimlite"), Barrett Conrad, and James Conrad ask the Court to resolve their dispute concerning defendants' production of documents. Dkt. No. 42. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

　　　　According to the parties' discovery dispute submission, defendants produced 84 documents totaling approximately 2,000 pages on October 7, 2022 in response to several of Resh's requests for production of documents. Dkt. No. 42 at 1, 4. Resh characterizes this production as a "massive" quantity of "diverse" documents that defendants produced in haphazard fashion and not as they are kept in the ordinary course of business. *Id.* at 2-3. Resh demands that defendants label their production to identify which documents are responsive to each of Resh's document requests. *Id.* at 3. Defendants respond that the documents in question were produced in electronic form as .pdfs as they are kept in the usual course of business and organized according to subject matter. *Id.* at 4-5. Defendants include a summary describing their production, indexed by bates number. *Id.* at 4.

　　　　Rule 34(b) of the Federal Rules of Civil Procedure provides that "[u]nless otherwise

1  stipulated or ordered by the court, . . . [a] party must produce documents as they are kept in the
2  usual course of business or must organize and label them to correspond to the categories in the
3  request." Fed. R. Civ. P. 34(b)(2)(E)(i). The Court is not persuaded that defendants' modest
4  production of documents runs afoul of this rule. The rule permits defendants to produce
5  responsive documents as they are kept in the usual course of business, and the Court is not
6  persuaded that they have not done so. Defendants have explained, without contradiction, what the
7  documents are and how the production was assembled. *See* Dkt. No. 42 at 4-5. Resh's
8  characterization of this production as a random document dump is simply not credible. Given the
9  description of their production that defendants provide at page 4 of the discovery dispute
10 submission, there is no justification for an order requiring that defendants additionally label or
11 organize this production to correspond to Resh's document requests.

12       The Court encourages the parties to adopt a practical approach to the production of
13 responsive documents to best serve the objectives of Rule 1—*i.e.,* to secure the just, speedy, and
14 inexpensive determination of the action. Fed. R. Civ. P. 1. Cooperation in discovery is necessary
15 and required. To that end, as it appears that this action will involve the production of
16 electronically stored information, the Court orders the parties to continue their discussions
17 regarding an ESI order that will govern the production of such information going forward. The
18 parties must file a proposed stipulated ESI order, or their competing proposals for such an order,
19 by **December 9, 2022** for the Court's review and approval.

20       **IT IS SO ORDERED.**

21 Dated: November 14, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge