1

2

3

4                          UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6                               SAN JOSE DIVISION

7

8    RESH, INC,                              Case No. 22-cv-01427-EJD   (VKD)

              Plaintiff,
9
                                            **ORDER RE DISCOVERY DISPUTE RE
10        v.                                ESI ORDER**

11   SKIMLITE MANUFACTURING INC, et          Re: Dkt. Nos. 46, 47
     al.,
12
              Defendants.
13

14        The Court has reviewed the parties' competing proposals for an order governing the

15   preservation, search, collection, and production of ESI (Dkt. Nos. 46, 47) and resolves the

16   remaining disputes as follows:

17        1.      The parties dispute whether text messages should be preserved and searched as

18   accessible ESI or whether they should be deemed not reasonably accessible and therefore not

19   subject to preservation or searching.  In many cases, discovery of text message may be unduly

20   burdensome and not proportional to the needs of the case.  Here, plaintiff Resh has shown good

21   cause to obtain discovery of text messages to and from defendant Barrett Conrad.  *See* Dkt. No. 47

22   at 2 and Ex. A.  For this reason, the Court will require Barrett Conrad to preserve text messages

23   for the relevant time period (which the parties do not address), and these messages are subject to

24   the terms of the ESI order.  As no such showing has been made with respect to any other

25   custodian, no affirmative steps need be taken to preserve text messages of any other custodian, and

26   such messages shall be considered not reasonably accessible unless the Court orders otherwise.

27        2.      The parties also dispute how many search terms must be applied to custodial email.

28   The number of search terms is generally less important than the efficacy of the particular terms

United States District Court
Northern District of California

United States District Court
Northern District of California

1  selected in identifying potentially responsive documents. As a default, the parties should attempt

2  to limit the number of terms to no more than 10 search terms per custodian; however, for some

3  custodians, 10 search terms may be too few, and for others, it may be too many. The Court

4  expects the parties to confer and reach agreement on the search terms to be applied to each

5  custodian's ESI. If they cannot reach agreement, they may submit their dispute for resolution

6  using the discovery dispute resolution procedures in Judge DeMarchi's Standing Order for Civil

7  Cases.

8         3.     Defendants argue that the ESI order should clarify that no party is required to re-

9  collect and re-produce its prior productions to include metadata. Plaintiff does not address this

10  issue. It is not clear from the parties' submissions whether there is a disagreement on this point or

11  not. It also is not clear whether the relevant document requests demanded that responsive

12  electronically stored information must be produced with metadata, or whether any such demand

13  was objected to. *See* Fed. R. Civ. P. 34(b)(1)(C), (b)(2)(D). As a general matter, if documents

14  were produced by a party in .pdf format without metadata in response to document requests that

15  did not specify a production format including metadata, the Court will not require any party to re-

16  collect or re-produce such documents.

17        The parties shall submit a proposed ESI order for the Court's approval that conforms to the

18  foregoing resolution of disputed issues by **January 6, 2023**.

19        **IT IS SO ORDERED.**

20  Dated: January 3, 2023

21

22

23                    VIRGINIA K. DEMARCHI
                  United States Magistrate Judge

24

25

26

27

28