UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RESH, INC,<br><br>  Plaintiff,<br><br>  v.<br><br>SKIMLITE MANUFACTURING INC, et al.,<br><br>  Defendants. | Case No. 22-cv-01427-EJD   (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE ESI ORDER**<br><br>Re: Dkt. Nos. 58, 59 |

The Court has reviewed the parties' further submissions regarding a proposed order governing the preservation, search, collection, and production of ESI (Dkt. Nos. 58, 59). This piecemeal submission of disputes regarding an ESI order is inconsistent with the discovery dispute resolution procedures of Judge DeMarchi's Standing Order for Civil Cases and with the Court's prior order at Dkt. No. 53.

The parties now dispute whether the ESI order should state that "electronic data (such as recorded voicemails, calendars, contact data, notes) sent to or from mobile devices (such as iPhone, iPad, Android, and Blackberry devices)" will be regarded as data sources that are not reasonably accessible, and that ESI from these sources will not be preserved, searched, reviewed, or produced. Defendants propose that this language be included because voicemails and other electronic data transmitted to mobile devices is unlikely to be relevant and responsive to a discovery request, cannot be easily searched, and is burdensome and costly to preserve. Plaintiff observes that the district's model ESI order does not include the language defendants propose, and argues that voicemails in particular are not difficult to preserve. Plaintiff does not address defendants' arguments that voicemails and other electronic data (other than text messages)

1  transmitted to or from mobile devices is unlikely to be relevant to any claim or defense in this
2  case, and that voicemails are difficult to search.
3        The ESI order should not categorically exclude from preservation electronic data merely
4  because it happens to be sent to or from a mobile device. However, the Court agrees with
5  defendants that voicemails, particularly those that can only be accessed via the mobile device
6  itself, may be more difficult to preserve and search than other electronic data stored in a different
7  manner. The Court also agrees with defendants that in the typical patent infringement case,
8  discovery of voicemails is unlikely to be proportional to the needs of the case. Here, if either party
9  knows that a particular custodian has voicemails that are responsive to a discovery request or
10 relevant to a claim or defense, the party must preserve and/or produce those voicemails.
11 Otherwise, no party must preserve, search, or produce voicemails.
12       The Court will enter a separate ESI order.
13 **IT IS SO ORDERED.**
14 Dated: January 9, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge