J. Mark Holland (Bar No. 140,453)
**J. MARK HOLLAND & ASSOCIATES**
a Professional Law Corporation
19800 MacArthur Boulevard, Suite 300
Irvine, CA 92612
Telephone:  (949) 718-6750
Facsimile:  (949) 718-6756
Email: office@jmhlaw.com

Attorneys for Plaintiff RESH, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESH, INC. a California corporation,<br>    Plaintiff,<br><br>v.<br><br>SKIMLITE MANUFACTURING INC., a California corporation; JAMES R. CONRAD, an individual; BARRETT CONRAD, an individual; and DOES 1 THROUGH 5, inclusive,<br>    Defendants. | Civil Action No. 5:22-cv-01427-EJD<br><br>Judge Edward J. Davila<br><br>**MOTION FOR LEAVE TO FILE RECENTLY DISCOVERED INFORMATION REGARDING DEFENDANTS' PENDING MOTION TO DISMISS (ECF 19)** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
RECENTLY DISCOVERED INFORMATION**            Civ. Action No. 5:22-cv-01427-EJD

Pursuant to Civil L.R. 7-11, Plaintiff moves the Court for leave to supplement its previous Opposition to Defendants' pending Motion to Dismiss (ECF 19).  Just a few days ago, Plaintiff discovered information that contradicts Defendants' assertions in their Motion to Dismiss, that Defendant James Conrad has not committed any act of infringement. ECF 19, p. 8, l. 6-7.

As explained below, Plaintiff only discovered this information a few days ago (on or about January 26, 2023).  <u>Defendants posted a YouTube video that shows Defendant James Conrad actively infringing Plaintiff's '852 patent, at a trade show just one week before Plaintiff filed this lawsuit</u> (on March 7, 2022) (see Jenel Resh decl. filed herewith).  Defendants' 2022 video is directly contrary to representations Defendants made in their pending motion, and it should be considered by the Court in denying at least that part of Defendants' motion to dismiss.  As confirmed in the J. Resh declaration filed herewith, Defendants' own YouTube video shows that, **on or about February 28, 2022, Defendant James "Jim" Conrad**:

1. is standing in Defendant Skimlite's booth at the CareCraft 2022 trade show.
2. is standing directly beside Defendants' CareCraft trade show display, in which Defendants placed their infringing pole <u>front-and-center on their display table</u>, in the most prominent and easily viewed position of all of their poles.
3. is the FACE of corporate Defendant Skimlite.  He stars in and narrates Defendants' entire promotional video, and speaks throughout virtually all of the video's 46-second length.
4. admits in the video, "Good morning and welcome to Skimlite's booth. Skimlite is a third-generation family-owned company [owned by Defendants James and Barrett Conrad]. We've been making swimming pool cleaning equipment since 1954.  We make approximately 100 different styles of telescope poles, make several different leaf skimmers, leaf rakes, brushes.  We are headquartered in Salinas, California; expanding a new location to Lakeland Florida that we will be able to facilitate all of the northeast all of Florida all the way to Texas, and that's pretty much what we do."

CareCraft tradeshows are "buying" shows in which CareCraft members personally meet and even place orders directly with vendors and manufacturer. In short, Defendants' video

undeniably shows Mr. Conrad offering for sale poles that infringe Plaintiff's '852 patent, in addition to his other acts set forth in Plaintiff's Complaint.

A week after Mr. Conrad's undeniable infringement, Plaintiff filed this lawsuit (without knowledge of Mr. Conrad's specific actions shown in that video). One month after being sued, Defendants apparently posted their YouTube video (on or about April 12, 2022), and **then** filed their Motion to Dismiss (ECF 19) just days later, on April 21, 2022. Plaintiff filed its opposition a few days later, but remained unaware of Defendants' video until just a few days ago.

In their April 2022 motion to dismiss, Defendants assert (among other things):

- p. 2, l. 6-9: "Defendant James Conrad moves to dismiss the Complaint against him for failure to state a claim under Rule 12(b)(6) because the Complaint fails to allege he individually committed an act of infringement and fails to identify any facts that would support such a claim."

- p. 2, l. 25-28: "Resh has not specifically identified the allegedly infringing acts performed by each Defendant. Rather, Resh resorts to generalized allegations against the "Defendants" as a whole, which prevents Skimlite and the Conrads from determining which alleged acts they are accused of performing."

- p. 3, l. 4-6: "Additionally, Resh fails to make any factual allegations that would support a claim of patent infringement against James Conrad or Barrett Conrad. For example, Resh has not plead any facts to establish that either individual committed any infringing acts."

- p. 5, l. 15-16: "Defendants have no way of knowing which allegations allegedly apply to them."

- p. 5, l. 18-24: "Resh alleges that "Defendants make, use, sell, offer for sell, and/or import into the U.S. products that infringing Plaintiff's '852 patent." Id., ¶ 60 (emphasis added). Yet, nowhere in the Complaint does Resh identify the alleged acts of infringement (make, use, sell, offer to sell, and/or import) specifically performed by each individual Defendant. As explained further below, the Complaint does not contain any specific allegations that Skimlite, James Conrad, or Barrett Conrad make, use, offer to sell, sell, or import into the United States the accused swimming pool cleaning poles as required by 35 U.S.C. § 271."

    • p. 5, l. 27-28: "the alleged video of Barrett Conrad referenced in Paragraphs 57 and 58 and in Exhibit C pre-dates the issuance of the '852 patent.  As discussed further below, the actions in this video cannot constitute acts of patent infringement.

    • p. 6, l. 11-13: "However, despite levying the allegations against the "Defendants," there are no allegations specific to James Conrad."

    • p. 7, l. 6-7: "James Conrad hereby requests that the Court dismiss the Complaint against him because Resh fails to plead any factual allegations that would constitute patent infringement by him."

    • p. 8, l. 3-4: "the Complaint does not include any other specific allegations against James Conrad, and instead merely includes the generalized allegations against "Defendants" as a whole…"

    Plaintiff submits herewith a Declaration of Jenel Gonzalez Resh attesting to the foregoing facts, including that Plaintiff only discovered Defendants' video a few days ago.  This newly-discovered evidence shows that Plaintiff's allegations against Defendant James Conrad are more than sufficient, and that Defendants' motion to dismiss him should be denied.

Respectfully submitted,

Dated:    February 1, 2023       /s/ *J. Mark Holland*
J. Mark Holland
**J. MARK HOLLAND & ASSOCIATES**
Attorney for PLAINTIFF RESH

https://d.docs.live.net/365d5d3a52bd96fc/Clients/RESH/L4084_Skimlite-Conrad_2021-06/Pleadings/Motions/2022-04-21_Ds_Mot_to_Dismiss/Ps_Mot_to_File_Further_Info/2023-02-01_Mot_4_Leave_to_File_Suppl_Brief_and_Declaration_FINAL.docx