UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RESH, INC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SKIMLITE MANUFACTURING INC, et al.,<br><br>　　　　　Defendants. | Case No.   5:22-cv-01427-EJD<br><br>**GRANTING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

This patent infringement action involves two manufacturers of telescoping poles used to clean swimming poles. Defendants Skimlite Manufacturing Inc. ("Skimlite"), James Conrad, and Barrett Conrad move to dismiss the Complaint on Rule 12(b)(6) and 12(b)(3) grounds, as well as to strike paragraphs 140–222 for immateriality. Mot. Dismiss ("Mot."), ECF No. 19.

On October 25, 2022, the Court took the fully briefed Motion under submission without oral argument. Having reviewed the parties' briefing, the Court GRANTS Defendants' Motion.

I.     **BACKGROUND**

Defendant Skimlite Manufacturing Inc. is a California corporation principally owned by father and son Defendants James Conrad ("Conrad Sr.") and Barrett Conrad ("Conrad Jr."). Compl. ¶¶ 3–4. Skimlite has been selling and manufacturing swimming pool poles since the 1950s, primarily poles that utilize twisting and clamping technology to extend and lock the poles' lengths. *Id.* ¶¶ 5, 28–30.

Plaintiff Resh, Inc. ("Resh") is a California corporation comprised of husband and wife, Eric and Jenel Gonzalez Resh. *Id.* ¶ 14. Eric Resh started working as a pool man in the late 1980s

Case No.: 5:22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS

1

cleaning other people's swimming pools and has since "invented and patented a number of improved swimming pool tools to assist pool men as well as homeowners." *Id.* ¶¶ 6–7. This includes the patent-in-suit U.S. Patent No. 11,141,852 invention for "Telepole Apparatus and Related Methods," issued by the U.S. Patent and Trademark Office on October 12, 2021. *Id.* ¶¶ 24–25. Unlike Skimlite's poles that require twisting and clamping to adjust their lengths, Resh's '852 poles use a "push button" or "lever lock" to extend and lock the pole length. *Id.* ¶ 34.

The Complaint alleges that Skimlite had been manufacturing "twist-and-clamp" pool poles for nearly 60 years until Defendant James Conrad encountered Resh's "button detent" poles at a 2012 trade show. Compl. ¶¶ 65–66. Since then, Skimlite has allegedly been designing infringing poles using Resh's button detent technology. *Id.* ¶¶ 67–71. Specifically, Skimlite's new "SnapLite" poles use a self-described "snap button lock" technology. *Id.* ¶¶ 75–77.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

Although "a court must accept as true all of the allegations contained in a complaint," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In patent cases, "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the [patent] claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). "A plaintiff is not required to plead infringement on an element-by-element basis." *Id.* at 1352 (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337,

Case No.: 5:22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
2

1350 (Fed. Cir. 2018)). However, a plausible claim requires at least some factual allegations to support a plausible inference that the product at issue satisfies a claim limitation. *See id.* at 1355.

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Similarly, impertinent matter does not pertain, and is not necessary, to the issues in question. *Id.* "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp.2d 1028, 1033 (C.D. Cal. 2002) (internal quotation marks and citations omitted). A motion to strike will generally not be granted unless it is clear the matter to be stricken could not have any possible bearing on the subject matter of the litigation. *See RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005).

### III.   DISCUSSION

Defendants first move to dismiss the Complaint because it only contains "generalized patent infringement allegations against the 'Defendants' as a whole and does not contain specific patent infringement allegations against each Defendant." Defendants also move to dismiss the Complaint against Conrad Sr. for failure to state a claim, as well as against Conrad Jr. for whom Defendants seek dismissal on the same basis and for lack of venue under Rule 12(b)(3). Finally, Defendants move to dismiss Plaintiff's prayer for a "judgment declaring that the '852 patent is not invalid." Mot. 2. Defendants did not initially request the Court deny leave to amend but raised the request after Plaintiff made certain admissions in opposition. *See* Reply 9 (citing Opp. 5).

Additionally, Defendants move to strike about 60 pages of the Complaint as an immaterial and improper preemptive response to Defendants' prior art invalidity affirmative defense. *Id.*

#### A.   Generalized "Defendants" Allegations

Defendants first argue that the Complaint sets forth allegations against "Defendants" in the aggregate without distinguishing which facts pertain to which specific Defendant. Mot. 4–5. In

Case No.: 5:22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
3

1    response, Plaintiff calls upon the Court to "use its 'common sense'" to hold that Skimlite is a

2    corporation that can only act through human beings, *i.e.*, Conrad Sr. and Conrad Jr. Opp. 5–6.

3    Other than common sense, Plaintiff does not cite any authority to support its use of an aggregate

4    "Defendants" label, nor does it purport to assert an alter ego or veil-piercing theory.

5          Defendants are correct. At the outset of its 213-page Complaint, Plaintiff announces that

6    "*depending on the context in which it is used herein*, the term 'Defendants' is intended to include

7    not only 'Skimlite' and 'James Conrad' and 'Barrett Conrad,' but also any and/or all other

8    Defendants or any individuals or other entities." Compl. ¶ 18 (emphasis added). This is plainly

9    impermissible under the well-established law in this circuit that so-called "shotgun pleadings" do

10   not satisfy Rule 8's notice requirement. *Sollberger v. Wachovia Sec.*, LLC, 2010 WL 2674456, at

11   *4 (C.D. Cal. June 30, 2010) (defining shotgun pleadings as those that "overwhelm defendants

12   with an unclear mass of allegations and make it difficult or impossible for defendants to make

13   informed responses to the plaintiff's allegations"). "[B]y lumping all [Defendants] together,

14   Plaintiff[] ha[s] not stated sufficient facts to state a claim for relief that is plausible against *one*

15   Defendant." *In re iPhone Application Litig.*, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011)

16   (emphasis in original); *see also Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal.

17   2014) ("Specific identification of the parties to the activities alleged by the plaintiffs is required in

18   this action to enable the defendant to plead intelligently."). Plaintiff's failure to parse out which

19   allegations are levied against which Defendants "makes it exceedingly difficult, if not impossible,

20   for individual Defendants to respond to Plaintiff['s] allegations." *iPhone Application Litig.*, 2011

21   WL 4403963, at *8. Defendants should not have to guess amongst themselves as to whom a

22   specific "Defendants" reference Plaintiff intended to apply or even whether it applies to some yet-

23   to-be-named party. For the same reason, the Court cannot and does not hazard a guess as to

24   whether any such "Defendants" allegations would suffice to state a claim had they been asserted

25   against any one particular defendant.

26         Accordingly, Defendants' Motion is GRANTED on this basis. The Complaint is

27   DISMISSED WITH LEAVE TO AMEND. In any amended complaint, Plaintiff must identify

28   Case No.: 5:22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS

4

1  what action each Defendant took that would state a claim for relief without resorting to

2  generalized allegations against "Defendants" as a whole.

### B.     James Conrad

Defendant James Conrad ("Conrad Sr.") also moves to dismiss the complaint for failure to state a claim of infringement against him in his personal capacity. Mot. 7–8. Specifically, Conrad Sr. argues that the Complaint relies solely on conduct that predate the '852 patent term. Mot. 7–8.

The Complaint alleges that Conrad Sr. is a principal of Skimlite, where he's worked for his entire adult life. Compl. ¶¶ 3–4, 16. In 2012, Conrad Sr. was one of the first people to see Plaintiff's first prototype pole at an industry trade show, where he was allegedly so startled that he audibly gasped upon laying eyes on Plaintiff's prototype pole. *Id.* ¶¶ 66, 78. In January 2018, at two other industry trade shows, Conrad Sr. was allegedly displaying an infringing product at Skimlite's booth where he engaged in a colloquy with Plaintiff regarding a '458 patent. *Id.* ¶¶ 103–110. Finally, the Complaint alleges that Conrad Sr. signed a patent application in March 2018 containing similar language to that in Plaintiff's own application. *Id.* ¶¶ 51–54.[1]

It is axiomatic that there can be no infringement of a patent prior to its issuance. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *5 (W.D. Tex. Feb. 11, 2020) (citing *Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1095 (Fed. Cir. 2008)). Patent rights are "created only upon the formal issuance of the patent. . . . In short, a patent *application* cannot be infringed." *Rotor Blade, LLC v. Signature Util. Servs., LLC*, 545 F. Supp. 3d 1202, 1214 (N.D. Ala. 2021) (emphasis added, internal brackets and quotation marks omitted).

The Court finds that, although the Complaint alleges some conduct associated with Conrad Sr. in 2018, it does not contain any allegations regarding his conduct *after* October 12, 2021, when

---

[1] To the extent Plaintiff argues that Complaint allegations relating to "Defendants" would set forth a claim against Conrad Sr., those allegations fail for insufficient notice as discussed above at Section III(A). That said, Plaintiff correctly notes that individuals can be personally liable for their own acts of infringement, so the Court considers here the Complaint's pleadings that specify direct conduct attributable to Conrad Sr. in assessing whether the Complaint has stated a claim against him in his individual capacity. *See* Opp. 6 (citing *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1358 (Fed. Cir. 2021)).

Case No.:  5:22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
5

1    the '852 patent was issued. *See* Compl. ¶¶ 24–25. Instead, Plaintiff again implores the Court to

2    use its "common sense to determine that [infringement] actions have continued since the issuance

3    of the '852 patent" and argues that "[t]here is no reason for the Court to believe . . . that James

4    Conrad's [infringement] activities in that regard did not occur and will not continue to occur."

5    Opp. 8. Common sense, however, does not permit the Court to assume wholesale from past

6    actions the core conduct for Plaintiff's claim, *i.e.*, that Conrad Sr. in his personal capacity took

7    some action that infringed the '852 patent "during the term of the patent." 35 U.S.C. § 271(a).

8          Plaintiff correctly points out that there is a narrow exception by which a patent owner may

9    recover reasonable pre-issuance damages. 35 U.S.C. § 154(d); *Rosebud LMS Inc. v. Adobe Sys.*

10   *Inc.*, 812 F.3d 1070, 1073 (Fed. Cir. 2016). Plaintiff argues that the availability of pre-issuance

11   damages "suggests" that "it seems consistent with Congressional intent to consider Defendants'

12   'pre-issuance' infringing actions as constituting infringement." Opp. 10. However, for all its

13   insistence that such an interpretation would be the "straightforward and common-sense approach,"

14   Plaintiff provides no legal or case authority to support the conflation of acts constituting

15   infringement with acts supporting recoverable damages. *Id.* To the contrary, federal courts

16   confronted with similar arguments have reinforced the principle that "liability for infringing

17   claims . . . could not attach to any actions taken before the USPTO issued those claims." *Rotor*

18   *Blade*, 545 F. Supp. 3d at 1214 (dismissing infringement claims based on alleged conduct

19   occurring before the patent's issuance, despite allegations of defendant's "actual knowledge of

20   [plaintiff's] pending patent application"). The Court, likewise, will decline Plaintiff's invitation to

21   treat Conrad Sr.'s 2018 conduct as the sole bases for infringing a patent issued in October

22   2021. To the extent Plaintiff asserts personal liability as to Conrad Sr., it must allege facts

23   plausibly showing that Conrad Sr. personally made, used, offered to sell, or sold an infringing

24   product "during the term of the patent." 35 U.S.C. § 271(a).

25         Because the Complaint fails to allege that James Conrad engaged in potentially infringing

26   conduct in his own individual capacity after the '852 patent was issued, the Court finds that

27   Plaintiff has failed to state an infringement claim. Although Plaintiff has remarked that "it is

28   Case No.: 5:22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
6

United States District Court
Northern District of California

1  difficult to imagine what Resh could further add to its complaint" regarding Conrad Sr. (Opp. 5),
2  the Court cannot conclude that—with the guidance outlined above—factual amendment would be
3  futile. Accordingly, Defendant James Conrad's motion to dismiss the complaint against him in his
4  personal capacity is DISMISSED WITH LEAVE TO AMEND.

### C. Barrett Conrad

Defendant Barrett Conrad ("Conrad Jr.") moves for dismissal on the same basis as Conrad Sr., that the Complaint fails to allege specific acts of infringement against him. Mot. 8–9. Conrad Jr. also moves for dismissal on the additional ground that venue is not proper in this district, as he has been a resident of Florida since October 2021. Mot. 9–10.

The Complaint alleges that Conrad Jr. is the third generation of his family to be involved in the Skimlite pool pole business and is a principal of Defendant Skimlite. Compl. ¶¶ 3–4, 16. Additionally, the Complaint appears to reference certain May 2020 YouTube videos in which Conrad Jr. showcased an allegedly infringing Snaplite pole and demonstrated how to replace a button on such a pole. *Id.* ¶¶ 57, 224(b); *see also* Opp., Ex. B. In Defendants' Motion, Conrad Jr. submitted a declaration attesting that he purchased a house in Florida in October 2021 and have been domiciled there ever since. Mot., Ex. 1 ("Conrad Decl.") ¶¶ 3–5.

The Court finds that the allegations against Conrad Jr. share the same deficiencies as those against Conrad Sr., namely that none of the allegations implicate conduct "during the term of the patent." *Supra* Section III(B). The claim against Conrad Jr., accordingly, is subject to dismissal on that basis alone.

Additionally, the Complaint also fails to allege that venue is proper in this district for Conrad Jr. The parties agree that venue in this case is governed by 28 U.S.C. § 1400(b), which provides that an infringement action may be brought (1) "in the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." Mot. 9–10; Opp. 12–13. As to the first basis for venue, Plaintiff does not dispute Conrad Jr.'s declaration that he was a resident of Florida when

Case No.: 5:22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
7

1   the Complaint was filed.² Conrad Decl. ¶¶ 3–5.  As to the second § 1400(b) basis, the Court has

2   discussed above why the Complaint fails to state an act of infringement during the patent term,

3   much less one that Conrad Jr. committed in this district.  *See supra* Section II(B).  Accordingly,

4   venue is not proper in this district under either basis of the patent venue statute.

5         Because the Complaint does not allege any infringement conduct attributable to Conrad Jr.

6   that occurred after the '852 patent was issued, it has failed to state a claim for infringement against

7   Conrad Jr. in his individual capacity.  The Complaint separately fails under Rule 12(b)(3) to allege

8   proper venue in this district under either prong of the patent venue statute.  Accordingly, the Court

9   GRANTS Defendant Barrett Conrad's Motion.  Because the Court does not find that further

10  factual amendment would be futile, the Complaint is DISMISSED WITH LEAVE TO AMEND.

### D. Declaratory Relief

Defendants argue that the Complaint's prayer for a "judgment declaring that the '852 Patent is not invalid" is impermissible as a matter of law.  Mot. 11; *see also* Compl. at 143. Plaintiff argues that it is not seeking a validity declaration but rather "attempt[ing] to finally force Defendants to stop 'hiding' whatever evidence that they have" regarding a purported prior art product, and it is "entitled to have that issue resolved."  Opp. 14.

As to this requested relief, the Court agrees with Defendants that Plaintiff's prayer for a declaration that the '852 is "not invalid" is neither appropriate nor cognizable.  "[A] patent holder does not have an affirmative right to affirm the validity of a patent [because] patents are presumed valid under 35 U.S.C. § 282.  *Geovector Corp. v. Samsung Elecs. Co.*, 2016 WL 6662996, at *5 (N.D. Cal. Nov. 10, 2016) (quoting *XimpleWare, Inc. v. Versata Software, Inc.*, 2014 WL 6687219, at *9 (N.D. Cal. Nov. 25, 2014)) (internal quotation marks and brackets omitted); *see also Semiconductor Energy Lab'y Co. v. Nagata*, 706 F.3d 1365, 1370 (Fed. Cir. 2013) ("[A] declaratory judgment of patent validity . . . is not a viable cause of action.").  In circumstances

---

² Plaintiff's request for venue discovery into Conrad Jr.'s residence is unsupported by any suggestion that discovery would yield a different outcome or be anything more than a fishing expedition.  Opp. 13.  The Court accordingly DENIES the request for venue discovery.

Case No.: 5:22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS

8

1   where the prayer requests certain relief that is precluded as a matter of law, those portions may be
2   properly dismissed per Rule 12(b)(6). *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970,
3   974 (9th Cir. 2010) (noting that defendant's motion to strike prayer for lost profits and
4   consequential damages was "really an attempt to have certain portions of [the] complaint
5   dismissed . . . [which is an] action[] better suited for a Rule 12(b)(6) motion or a Rule 56 motion,
6   not a rule 12(f) motion").

7   Accordingly, the Court GRANTS Defendants' Motion and DISMISSES the Complaint's
8   prayer "[f]or a judgment declaring that the '852 Patent is not invalid" WITHOUT LEAVE TO
9   AMEND.

### E.  Motion to Strike Complaint Paragraphs

Finally, Defendants move to strike paragraphs 140–222 of the Complaint because they relate solely to Plaintiff's requested declaration that the patent is not invalid. Mot. 12. Plaintiff argues that it is not seeking a validity declaration but rather "attempt[ing] to finally force Defendants to stop 'hiding' whatever evidence that they have" regarding a purported prior art product, which they claim they are "entitled to have that issue resolved." Opp. 14. Alternatively, Plaintiff asserts that these Complaint paragraphs are relevant to its claim for attorneys' fees, costs, and treble damages, because those allegations demonstrate Defendants' bad faith. Opp. 15.

The paragraphs at issue appear to have been made in anticipation of certain invalidity defenses or declaratory counterclaims Defendants may assert based on an "A.G. Pro Pole" prior art. *See, e.g.*, Compl. ¶ 141. Plaintiff openly admits that it included these allegations because it "needs to be able to take discovery to resolve the [prior art] issue formally . . . and therefore needs those paragraphs to remain in the Complaint and to be answered by Defendants." Opp. 15. However, complaint allegations that solely seek to avoid or defeat an anticipated affirmative defense are not proper pleadings because they are "not an integral part of the plaintiff's claim for relief and lie outside his or her burden of pleading." 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1276 (4th ed.); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (holding plaintiff has no obligation to anticipate affirmative defenses). In such cases, district courts "should treat the

Case No.: 5:22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
9

plaintiff's references to the defense as surplusage." 5 Wright & Miller § 1276; *see also Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008) (noting that one option to "relieve a defendant of the burden of responding to a complaint with excessive factual detail . . . would have been to simply strike the surplusage"). Here, the Court finds that, although the substance of the disputed paragraphs could conceivably be relevant after Defendants assert a specific affirmative defense, this material is currently premature and not properly pled in a complaint for infringement and, therefore, is subject to being stricken as immaterial surplusage.

Striking the disputed paragraphs is doubly warranted here where the surplusage is accompanied by verbosity that begins to strain Rule 8(a)'s directive for a "short and plain statement of the claim." The 82 paragraphs at issue span nearly 60 pages. Compl. ¶¶ 140–222. Approximately 16 pages—many single-spaced—of the Complaint are dedicated to summarizing Supreme Court and Federal Circuit cases in enough detail to approach this district's page limits had they been briefed in a motion. *See* Civil L.R. 7-4(b). Another 35 pages recite evidence of Plaintiff's extensive pre-suit negotiations with Defendants and presents arguments as to the credibility and sufficiency of Defendants' prior art corroborating evidence. Compl. ¶¶ 166–222. Although the Court does not find these paragraphs to be "so confused, ambiguous, vague, or otherwise unintelligible" to warrant Rule 8(a) dismissal, *see Hearns*, 530 F.3d at 1131 (citing *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004)), it does find the veritable treatise and prolix narrative contained therein to be nonetheless excessive, given that all 60 pages are surplusage directed at an anticipated affirmative defense.[3]

In its opposition, Plaintiff does not put forth a permissible basis for keeping the 82 paragraphs in the Complaint. Plaintiff's stated intent for these paragraphs to function as "an attempt to finally force Defendants to stop 'hiding' whatever evidence that they have" regarding

---

[3] The Court also expresses some concern that the Complaint's blatantly legal and evidentiary language begin to more resemble a summary judgment motion and less a properly pled complaint. Mot. 12; Reply 10. This is especially noticeable in the Complaint's final paragraph, which references "the case law discussed above," the "complete absence of [evidence]," the "credibility of Defendants' allegations," and Defendants failure to "[meet] their burden." Compl. ¶ 222.

Case No.: 5:22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
10

their prior art invalidity defense is hardly a material or pertinent purpose for a "short and plain statement of the claim showing that the pleader is entitled to relief." Opp. 14; *see also id.* at 15 ("Resh needs to be able to take discovery to resolve this [prior art] issue formally . . . and therefore needs those paragraphs to remain in the Complaint."); Fed. R. Civ. P. 8(a)(2). Unsurprisingly, Plaintiff does not cite any legal authority supporting the proposition that tactical discovery can justify the inclusion of allegations unrelated to any asserted claim. Nor are the disputed paragraphs related to Plaintiff's claims for attorneys' fees and costs. Opp. 15. The Complaint already contains a separate 40-page damages section titled, "Defendants Are Liable for *Pre-Issuance Damages*, *Enhanced Damages* for Willful Infringement, and Reasonable Attorney's Fees." Compl. ¶¶ 90–139 (emphasis added). Defendants do not move to strike this section. Instead, they are moving to strike the paragraphs comprising the section titled, "Defendants' Alleged Evidence of Prior Art 'A.G. Pro Pole' Is *Insufficient as a Matter of Law*." Plaintiff's attempt to recast paragraphs 140–222 as damages allegations instead of impermissible legal and evidentiary arguments is not persuasive.

Because paragraphs 140–222 provide a lengthy recitation of case law and evidence pertaining to a hypothetical affirmative defense, the Court finds that these paragraphs are immaterial surplusage to Plaintiff's claim for patent infringement. Such preemptive and protracted allegations are not appropriate at the pleading stage, though they may become relevant later in the litigation once Defendants have responded with affirmative defenses. Accordingly, the Court GRANTS Defendants' Motion to strike paragraphs 140–222 of the Complaint WITHOUT PREJUDICE to the arguments and evidence contained in those paragraphs being re-asserted in subsequent motion practice beyond the pleadings stage. These paragraphs are STRICKEN WITHOUT LEAVE TO AMEND, but Plaintiff may re-allege the facts contained therein for the purpose of supporting its affirmative claims, instead of in anticipation of any affirmative defenses.

### IV.     CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' Motion as follows:

Case No.: 5:22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
11

1. The Complaint is DISMISSED WITH LEAVE TO AMEND the generalized references to "Defendants" as outlined in Section III(A);
2. The Complaint is further DISMISSED WITH LEAVE TO AMEND as to Defendant James Conrad for the reasons addressed in Section III(B);
3. The Complaint is further DISMISSED WITH LEAVE TO AMEND as to Defendant Barrett Conrad for the reasons addressed in Section III(C);
4. The request in the prayer for a "judgment declaring that the '852 Patent is not invalid" is DISMISSED WITHOUT LEAVE TO AMEND; and
5. Paragraphs 140–222 are STRICKEN WITHOUT LEAVE TO AMEND and WITHOUT PREJUDICE.

Any amended complaint shall be filed no later than 21 days after the entry of this Order.

**IT IS SO ORDERED.**

Dated: March 31, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
12