UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RESH, INC.,

    Plaintiff,

v.

BARRETT CONRAD, INC. d/b/a SKIMLITE MANUFACTURING INC. et al.,

    Defendants.

Case No. 22-cv-01427-EJD   (VKD)

**ORDER GRANTING MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Re: Dkt. No. 81

Defendant Skimlite Manufacturing Inc. ("Skimlite") seeks leave to amend its invalidity contentions under Patent Local Rule 3-6 to assert an obviousness-type double patenting ground for invalidity in view of the Federal Circuit's decision in *In re: Cellect, LLC*, 81 F.4th 1216 (Fed. Cir. 2023). Dkt. No. 81. Plaintiff Resh, Inc. ("Resh") opposes the motion or, in the alternative, requests that the Court defer ruling on it pending the Federal Circuit's possible rehearing *en banc*. Dkt. No. 87 at 1, 4.

The Court held a hearing on the motion on November 21, 2023. Dkt. No. 91. For the reasons explained below, the Court grants the motion.

In a patent infringement action, a party may amend its invalidity contentions only with leave of the Court "upon a timely showing of good cause." Patent L.R. 3-6. In assessing whether good cause exists, the Court considers whether the moving party was diligent in seeking to amend its contentions, and whether the non-moving party would suffer prejudice if the amendment were permitted. *See Barco N.V. v. Tech. Properties Ltd.*, No. 5:08-cv-05398 JF HRL, 2011 WL 3957390, at *1 (N.D. Cal. Sept. 7, 2011).

Here, Skimlite contends that the claims of Resh's '852 patent are invalid because they are

obvious in view of the narrower claims of Resh's '554 patent, which claims priority to the same application as the '852 patent but expires earlier due to a difference in the length of patent term adjustment. Dkt. No. 81 at 4. Skimlite did not assert obviousness-type double patenting in its operative invalidity contentions, but it seeks leave to do so now in view of the Federal Circuit's recent decision in *In re: Cellect*. Skimlite argues that *In re: Cellect* represents a change in the law because it holds, for the first time, that if two patents in the same family have the same priority date, but different expiration dates due to patent term adjustment, the later-expiring patent is invalid if the claims of the later-expiring patent are obvious in view of the claims of the earlier-expiring patent. *See In re: Cellect*, 81 F.4th at 1226, 1229. The decision issued in late August 2023, and within two weeks, Skimlite notified Resh of its intent to seek leave to amend its invalidity contentions to add obviousness-type double patenting. Dkt. No. 81 at 5. Skimlite promptly filed its motion for leave to amend after learning Resh would oppose amendment. *Id.*

Resh does not dispute that *In re: Cellect* represents a change in the law or that Skimlite has been diligent in seeking leave to amend. *See generally* Dkt. No. 87; *see also* Dkt. No. 91 (hearing). While Resh claims that it will suffer prejudice due to the amendment, that prejudice is limited to potential prejudice *on the merits* of the invalidity contention; Resh does not contend that it will suffer prejudice in its ability to develop evidence and arguments to address the amended contention. *See* Dkt. No. 87 at 2-7. Indeed, Resh acknowledged during the hearing that granting Skimlite leave to amend will not delay or interfere with any proceedings in this case. *See* Dkt. No. 91 (hearing).

The Court declines Resh's request to defer a decision on Skimlite's motion for leave pending potential rehearing *en banc* in *In re: Cellect*. The Federal Circuit may or may not rehear the case, but whether it does or not, the outcome of any such proceeding is entirely speculative at this time. The Court finds no good cause to delay granting leave to amend in these circumstances. *See ASUSTek Computer Inc. v. Ricoh Co.,* No. C-07-01942 MHP, 2007 WL 4190689, at *2-3 (N.D. Cal. Nov. 21, 2007) (summarizing relevant authority and denying stay pending Federal Circuit appeal).

Skimlite shall serve its amended invalidity contentions no later than **November 30, 2023**.

**IT IS SO ORDERED.**

Dated: November 28, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge