UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RESH, INC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARRETT CONRAD, et al.,<br><br>　　　　　Defendants. | Case No.　22-cv-01427-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 77 |

This patent infringement action involves two manufacturers of telescoping poles used to clean swimming pools. Defendants Robert Conrad, Inc. d/b/a/ Skimlite Manufacturing ("RCI"), James Conrad ("Conrad Sr."), and Barrett Conrad ("Conrad Jr.") (collectively, "Defendants") move to dismiss the First Amended Complaint ("FAC") on Rule 8, 12(b)(6), and 12(b)(3) grounds, as well as to strike certain allegations under Rule 12(f). Motion to Dismiss ("Mot."), ECF No. 77. Defendants also seek permission to file a motion to recover attorneys' fees incurred in preparing the motion. *Id.*

On July 6, 2023, the Court took the fully briefed motion under submission without oral argument. Having reviewed the parties' briefing, the Court GRANTS Defendants' motion as indicated below.

I.　**BACKGROUND**

Defendant RCI is a California corporation principally owned by father and son Conrad Sr. and Conrad Jr. FAC ¶ 6. The FAC alleges that RCI filed in 2018 a Fictious Business Name statement for the name "Skimlite Mfg." *Id.* RCI has been selling and manufacturing swimming

Case No.: 22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
1

pool poles since the 1950s, allegedly selling primarily poles that utilize twisting and clamping technology to extend and lock the poles' lengths. *Id.* ¶¶ 8, 49–52.

Plaintiff Resh, Inc. ("Resh") is a California corporation comprised of husband and wife, Eric and Jenel Gonzalez Resh. *Id.* ¶ 2. Eric Resh started working as a pool man in the late 1980s. cleaning other people's swimming pools and has since "invented and has patented a number of improved swimming pool tools to assist pool men as well as homeowners." *Id.* ¶ 69. This includes the patent-in-suit U.S. Patent No. 11,141,852 invention for "Telepole Apparatus and Related Methods," issued by the U.S. Patent and Trademark Office on October 12, 2021. *Id.* The FAC alleges that, unlike RCI's poles that require twisting and clamping to adjust their lengths, Resh's poles use a "push button" or "lever lock" to extend and lock the pole length. *Id.* ¶¶ 70–72.

The FAC alleges that RCI had been manufacturing "twist-and-clamp" pool poles for nearly 60 years until Conrad Sr. encountered Resh's "button detent" poles at a 2012 trade show. FAC ¶¶ 78–79. Since then, RCI has allegedly been designing infringing poles using Resh's button detent technology. *Id.* ¶ 79. Specifically, RCI's new "SnapLite" poles use a self-described "snap button" lever lock technology. *Id.* ¶¶ 79–80.

On March 31, 2023, the Court granted in part Defendants' motion to dismiss the original complaint. ECF No. 71 ("MTD Order"). On April 20, 2023, Resh filed an amended complaint. ECF No. 74. Defendants filed the present motion to dismiss on May 18, 2023 (ECF No. 77), Resh filed an opposition to the motion to dismiss on June 1, 2023 (ECF No. 78 ("Opp")), and Defendants replied on June 8, 2023 (ECF No. 79 ("Reply")).

## II.   LEGAL STANDARD

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

Although "a court must accept as true all of the allegations contained in a complaint," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In patent cases, "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the [patent] claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). "A plaintiff is not required to plead infringement on an element-by-element basis." *Id.* at 1352 (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)). However, a plausible claim requires at least some factual allegations to support a plausible inference that the product at issue satisfies a claim limitation. *See id.* at 1355.

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Similarly, impertinent matter does not pertain, and is not necessary, to the issues in question. *Id.* "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp.2d 1028, 1033 (C.D. Cal. 2002) (internal quotation marks and citations omitted). A motion to strike will generally not be granted unless it is clear the matter to be stricken could not have any possible bearing on the subject matter of the litigation. *See RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005).

### III. DISCUSSION

Defendants move to dismiss the FAC on several grounds—including grounds raised in their first motion to dismiss. All Defendants move (1) to dismiss the FAC under Rule 8 for failure

Case No.: 22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS

3

1  to plead a short and plain statement of the claim, (2) to dismiss the FAC under Rule 12(b)(6) to

2  dismiss multiple allegations and requests for relief, including Plaintiff's grouped allegations,

3  requests for declarations related to patent validity, and the allegations of contributory

4  infringement, and (3) under Rule 12(f) to strike certain allegations. Mot. 2. Conrad Jr. moves to

5  dismiss separately under Rule 12(b)(3). *Id.*

6  Defendants also request permission to file a motion to recover the attorneys' fees incurred

7  in preparing this motion and any related papers. *Id.*

### A.   Rule 8(a)

Defendants argue that the FAC, which spans 451 paragraphs with an additional 550 pages of attached exhibits, violates Rule 8 because it fails to present a short and plain statement of the claim. Mot. 3. Resh responds that Rule 8 does not support dismissal for several reasons. First, Resh contends that the high page count can be primarily attributed to this Court's Standing Order requiring that parties filing an amended complaint must attach as an exhibit a redline showing the changes made to the previously filed complaint. Opp. 2. Second, Resh argues that the level of detail in the FAC is required under Rule 9(b) because the FAC alleges Defendants have committed fraud. *Id.* at 2–3. Third, Resh argues that the Court's prior order dismissing the complaint instructed Resh to be more specific. *Id.* at 4. Finally, Resh argues that Defendants should be estopped from raising Rule 8 because Defendants previously argued that the complaint needed more detail, and "Defendants should not now be heard to object to those further details." *Id.* at 5.

Rule 8(a) is grounds for dismissal independent of Rule 12(b)(6), and dismissal on Rule 8(a) grounds does not require that the complaint be wholly without merit. *Gottschalk v. City & Cnty. of San Francisco*, 964 F. Supp. 2d 1147, 1154 (N.D. Cal. 2013). Dismissal for failure to comply with Rule 8 is proper where "the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *Id.*

Here, Resh fails to meet the requirements of Rule 8 and fails to comply with guidance this Court provided in its MTD Order. In that order, the Court cautioned that the nearly 60 pages

Case No.: 22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
4

"dedicated to summarizing Supreme Court and Federal Circuit cases" was "excessive." MTD Order 10. The Court also "expresse[d] some concern that the Complaint's blatantly legal and evidentiary language begin[s] to more resemble a summary judgment motion and less a properly pled complaint." *Id.* at 10, n. 3.

Resh has not cured the defects identified with the original complaint—in particular, the FAC still contains a confusing compilation of allegations, legal arguments, and case law. Even without the 82 stricken paragraphs, the FAC includes *200* paragraphs more than the original complaint. *Compare* ECF No. 1 (containing 222 paragraphs) *with* FAC (containing 451 paragraphs).

### 1. Legal Arguments

Despite the Court's prior order cautioning that the complaint's legal and evidentiary language resembles a summary judgment motion, the FAC repeats language the Court previously cited as concerning. *See* FAC ¶¶ 362 ("As a result of that complete absence of evidence"); 364 (discussing "the credibility of [Defendants'] allegations"). The FAC also includes new paragraphs with case law supporting its alter ego allegations. *See id.* ¶¶ 301–303, 305. Like the dismissed complaint in *Yould*, the SAC here "contains extensive sections of legal argument" which make it unreasonably difficult for defendants or the Court "to sort out alleged facts from opinion or commentary." *Yould v. Barnard*, No. 18-CV-01255-EJD, 2018 WL 4105094, at *4 (N.D. Cal. Aug. 29, 2018) (legal argument sections "are unnecessary to state a claim and serve only to confuse").

### 2. Allegations of Fraud

Resh justifies the additional paragraphs in part because Rule 9(b) requires particularity when alleging fraud. Opp. 2–3. The Court finds this justification unpersuasive. While Resh is correct that Rule 9(b) requires particularity when pleading fraud, Resh appears to only bring a cause of action for patent infringement. FAC ¶ 1 ("This is a patent infringement action"). The FAC includes various allegations of fraudulent behavior related to submissions made to the U.S. Patent Office and a prior lawsuit, but the FAC "does not clearly and concisely establish which

Case No.: 22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS

5

factual allegations apply" to the purported fraud cause of action—if any. *Yould*, 2018 WL 4105094, at *4; *see also* FAC ¶¶ 96 (alleging Defendants and their attorneys "have perpetrated and continue to perpetrate a fraud in the parties' 2018 lawsuit and current lawsuit"), 210 ("Conrad Sr. made an apparent effort to commit fraud on the Patent Office"), 450 ("Defendants' various fraudulent actions span at least over nine years and across two separate patent infringement lawsuits between the parties").

Recognizing that fraud is not required to establish patent infringement, Resh argues that particularity under Rule 9(b) "applies not only where fraud is an essential element of a claim," but also where the claim is "grounded in fraud." Opp. 3 (*citing Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003)). If Resh is arguing that its patent infringement claims are "grounded in fraud" and are thus subject to the heightened pleading standard, the Court finds this similarly unpersuasive. *See Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003) ("Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)"). Moreover, even if Resh's patent infringement claim implicated Rule 9(b), the Court expects Resh would be able to provide "the who, what, when, where, and how" of the alleged misconduct required under Rule 9(b) without the "nearly 100 page[]" chronology. Opp. 3, 4.

### 3. Screenshots and Bullet Point Lists

Defendants also take issue with the FAC's screenshots and bullet point lists. The screenshots are "highly confusing," Defendants contend, because Resh "does not make clear whether its allegations incorporate the statements in the snapshots." Mot. 5. The Court agrees. For example, the FAC references "April 2018" court testimony and a "March 2018" filing with purported excerpts from the testimony and filing but without further detail. *See, e.g.*, FAC ¶¶ 8–9, 150, 226–227.

Defendants next contend that the bullet point lists run afoul of Rule 10 and are "burdensome and difficult to respond to in an efficient manner." Mot. 6. While the bullet point

Case No.: 22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS

6

lists do appear below numbered paragraphs, many do not present a "single set of circumstances," as Resh argues. Opp. 7 (citing Rule 10); *see e.g.*, FAC ¶¶ 9 (list of 12 bullet points discussing filings with California's Secretary of State made by both Conrad Jr. and Conrad Sr., statements made on websites, testimony in court, Conrad Jr.'s role in RCI's advertising, and Conrad Jr.'s residence, among other allegations); 304 (list of 13 bullet points discussing RCI's 401k records, both Conrad Sr. and Conrad Jr.'s role at RCI, both Conrad Jr. and Conrad Sr.'s knowledge of the asserted patent, among other allegations).

* * *

These issues demonstrate Resh's failure to comply with Rule 8 and warrant dismissal. Courts in this district have dismissed complaints under similar circumstances. *See Ashley M Gjovijk, v. Apple Inc.*, No. 23-CV-04597-EMC, 2024 WL 347922, at *2 (N.D. Cal. Jan. 30, 2024) (noting that complaint with more "than 150 pages and contain[ing] 440 paragraphs" failed to comply with Rule 8); *Cotti v. California Dep't of Soc. Servs. Dir. Will Lightbourne*, No. 18-CV-02980-BLF, 2018 WL 6660073, at *1 (N.D. Cal. Dec. 19, 2018) ("At 80 pages in length, with more than 300 paragraphs, the SAC does not satisfy" Rule 8); *Yould*, 2018 WL 4105094, at *4 (dismissing where complaint's "true substance is so well disguised by verbosity, confusion and redundancy that it must be dismissed for failure to comply" with Rule 8) (quotations omitted); *Gottschalk*, 964 F. Supp. 2d at 1155 (dismissing complaint with confusing organization and generalized grievances).

Accordingly, the Court GRANTS Defendants' motion to dismiss with leave to amend. Any amended complaint must be limited to 40 pages. The Court reminds Resh that it "is not expected to try the entirety of [its] case in the complaint." *Ashley M Gjovijk*, 2024 WL 347922, at *2.

Because the Court grants Defendants' motion to dismiss for failing to meet the requirements of Rule 8(a), the Court need not address the remaining grounds raised in Defendants' motion. Nevertheless, the Court briefly addresses certain arguments as guidance for Resh should it choose to file an amended complaint.

Case No.: 22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
7

### B. Generalized "Defendants" Allegations

Defendants argue that the FAC is inconsistent with the Court's order dismissing the original complaint because the FAC "includes substantially the same definition of 'Defendants' with only small changes to party names." Mot. 7. In response, Resh argues that the "few instances" it grouped the Defendants together were "necessitated by Conrad Sr./Jr.'s own fraudulent identification of their corporate identity and their apparent misrepresentations as to whether their CEO is in fact Conrad Sr. or Conrad Jr." Opp. 8.

The Court recognizes Resh's efforts to "studiously revise[]" the complaint and limit any use of "Defendants" generically. Opp. 8. But the SAC still improperly uses "Defendants" or "Conrad Sr./Conrad Jr./RCI" when it should specify which allegation pertains to which Defendant. For example, paragraph 217 alleges that "Resh sued Conrad Sr./Conrad Jr./RCI in 2018," but the complaint filed in that action only names Skimlite Manufacturing Inc. *See Resh, Inc. v. Skimlite Manufacturing*, 18-cv-00291, ECF No. 1 (C.D. Cal.); *see also* FAC ¶ 361 ("during the 2018 lawsuit by which Resh sued *Defendants*, *Defendants* had not mentioned anything about Ray Leduc or any alleged prior art") (emphasis added). Moreover, the SAC still alleges that "depending on the context in which it is used herein, the term 'Defendants' is intended to include not only RCI and Conrad Sr. and Conrad Jr., but also any/or all other Defendants or any individual entities." FAC ¶ 10. The Court already found that such a definition is "plainly impermissible." *See* MTD Order 4.

The Court advises Resh to carefully revise its allegations to avoid such impermissible grouping of Defendants.

### C. Contributory Infringement

Defendants next move to dismiss for failure to state a plausible claim for contributory infringement because that claim is based on the sale of replacement parts for the allegedly infringing poles. Mot 8. Because "Resh has not plead infringement of any patent claim that separately covers [the replacement] parts," and Resh has failed to plead that the replacement parts are a "material part of the invention," as required by 35 U.S.C. § 271(c), Defendants argue the

Case No.: 22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
8

claim must fail. *Id.* Resh responds that it has sufficiently plead a claim for contributory infringement because Defendants "are selling the replacement parts not for poles that have been authorized by Resh, but instead to induce and contribute to further infringement by the users who purchased Defendants' infringing poles." Opp. 9. Put differently, the FAC alleges that Defendants are making the replacement parts for poles Resh contends infringe its patent. *Id.* That factual distinction, Resh contends, removes the FAC from the rulings in *Aro*, *Wilson*, and *Fuji Photo Film* because those cases involved replacing parts on a "lawfully-purchased patented product." *Id.* (discussing *Aro Mfg. v. Convertible Top Replacement Co.*, 365 U.S. 336, 345–61 (1961); *Wilson v. Simpson*, 50 U.S. 109, 125 (1850); *Fuji Photo Film Co. v. I.T.C.*, 474 F.3d 1281, 1296–98 (Fed. Cir. 2007)).

The Court need not reach those arguments because Resh has failed to plead that the replacement parts are a "material part of the invention" as required by § 271(c). The FAC's conclusory statement that "all of those contributory infringement elements are present in this lawsuit, as to not just RCI, but also Conrad Sr. and Conrad Jr." is insufficient. FAC ¶ 314; *see People.ai, Inc. v. SetSail Techs., Inc.*, No. 20-CV-09148-WHA, 2021 WL 2333880, at *6 (N.D. Cal. June 8, 2021) (dismissing contributory infringement claim where the complaint "merely parrots the text of Section 271(c)" and noting that "[s]uch a legal conclusion is not entitled to the presumption of truth").

### D.    FAC's Prayer for Relief

Defendants argue Resh again seeks declaration of patent invalidity, "[d]espite two court orders" explaining that it cannot. Mot. 9. As explained in the Court's prior order granting dismissal, in circumstances where the prayer requests certain relief that is precluded as a matter of law, those portions may be properly dismissed per Rule 12(b)(6). MTD Order 8–9; *see Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (noting that defendant's motion to strike prayer for lost profits and consequential damages was "really an attempt to have certain portions of [the] complaint dismissed . . . [which is an] action[] better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a rule 12(f) motion").

Case No.: 22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS

9

Defendants argue that Resh's current prayer for relief seeks declarations that "effectively ask[] the Court to declare that the prior art does not render the '852 patent invalid." Mot. 9. Resh responds that it is requesting that the Court "determine whether those two poles qualify as prior art." Opp. 10 (emphasis in original).

The FAC's prayer for relief seeks "a judgment declaring that Defendants (including Conrad Sr./Conrad Jr./RCI) have not sufficiently corroborated the A.G. Pro pole to qualify it as prior art with respect to the '852 Patent" and "a judgment declaring that Defendants (including Conrad Sr./Conrad Jr./RCI) have not sufficiently corroborated the Solakian pole to qualify it as prior art with respect to the '852 Patent." FAC 206 ("Prayer for Relief"). This Court's prior order dismissed the complaint's prayer "[f]or a judgment declaring that the '852 Patent is not invalid" without leave to amend. MTD Order 9. The Court agrees that the requests in the FAC's Prayer for Relief effectively ask for a declaration that the prior art does not render the '852 patent invalid—the same relief, in different words, that this Court already denied with prejudice.

Next, Defendants argue that the portion of the FAC's Prayer for Relief that seeks "a judgment declaring that Defendants' '182 patent does not cover Defendants' (including Conrad Sr./Conrad Jr./RCI) infringing poles" should be dismissed. Mot. 9 (citing Prayer for Relief). Because Resh "has not met the pleading requirements to file a declaratory judgment action, including demonstrating jurisdiction and ripeness, and Defendants have not asserted the '182 patent in this or any other case" Defendants contend that the request should be stricken. Mot. 9. Resh responds that the Court "should exercise its discretion" and allow the request for relief because Resh's request "is based on Defendants' own fraudulent acts and misrepresentations." Opp. 13–14.

The Court finds that Resh's request seeking a judgment declaring that U.S. Patent No. 11,333,182 (the "'182 patent") does not cover two specific poles fails as a matter of law because Defendants have not asserted the '182 patent in this case.

Accordingly, the Court DISMISSES the FAC's Prayers F and G WITHOUT LEAVE TO AMEND and Prayer H WITH LEAVE TO AMEND.

Case No.: 22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS

10

### E. Barrett Conrad and James Conrad

Defendants Conrad Jr. and Conrad Sr. also move to dismiss the complaint for failure to state a claim of (1) direct infringement against them in their personal capacities or through an alter ego theory, and (2) induced infringement against them in their personal capacities. Conrad Jr. also moves to dismiss for failure to demonstrate proper venue under 28 U.S.C. § 1400(b).

The Court previously dismissed claims against both Conrad Sr. and Conrad Jr. because "none of the allegations implicate conduct 'during the term of the patent.'" MTD Order 7. Regarding Conrad Jr., the Court previously found that the claim against him is subject to dismissal because the complaint failed to allege that venue is proper in this district. *Id.*

Because any amended complaint will be substantially revised given the Court's page limits, the Court will not evaluate the remaining allegations pertaining to Conrad Sr. and Conrad Jr. at this time.

### F. Motion to Strike Under Rule 12(f)

Finally, Defendants move to strike Paragraphs 93–95, 97, 211, 301–303, 305–308, 311, 313–316, 319–320, 339, 348, 353, 389–391, 430–433, 448–449 of the FAC because they either relate to allegations of fraud that are irrelevant to Resh's patent infringement claim, relate to allegations of willful infringement of an unasserted patent, or contain case law and legal arguments. Mot. 22–24.

Defendants' request to strike specific paragraphs is moot in light of the Court's dismissal of the FAC under Rule 8(a). In preparing any amended complaint, the Court urges Resh to carefully review this order and this Court's prior order and adhere to its findings. Specifically, Resh should avoid summarizing case law and presenting legal arguments that are better suited for a motion for summary judgment. MTD Order 10. Resh should also avoid lengthy and serious accusations of fraud by Defendants' counsel that do not appear relevant to Resh's claim of patent infringement. Opp. at 3 (claiming that "Defendants and their counsel have engaged in extensive and ongoing frauds on the Court and on Resh").

Case No.: 22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
11

### G. Request for Leave to Request Attorneys' Fees

Defendants' also request permission to file a motion to recover fees incurred in preparing its motion to dismiss and "any related papers" on the basis that an award of fees is justified because Defendants "have now had to prepare two motions to dismiss the same or substantially similar allegations and/or requests for relief." Mot. 2. Resh does not appear to address this request. The Court will DENY Defendants' request WITHOUT PREJUDICE to renew the request at a later date.

## IV. CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' motion as follows:

1. The SAC is DISMISSED WITH LEAVE TO AMEND as stated below. Any amended complaint shall be filed no later than 21 days after the entry of this Order and shall be no longer than 40 pages.
2. The requests listed in F and G of the Prayer are DISIMISSED WITHOUT LEAVE TO AMEND.
3. The request listed in H of the Prayer is DISMISSED WITH LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: March 4, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 22-cv-01427-EJD
ORDER GRANTING MOTION TO DISMISS
12