UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RESH, INC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BARRETT CONRAD, et al.,<br><br>　　　　Defendants. | Case No.  22-cv-01427-EJD   (VKD)<br><br>**INTERIM ORDER RE FEBRUARY 28, 2024 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 100 |

　　　　Plaintiff Resh, Inc. ("Resh") and defendants Robert Conrad, Inc. ("Skimlite"), Barrett Conrad, and James Conrad ask the Court to determine whether Resh may withhold "MS Paint drawings" made by its named inventor, Eric Resh, on the basis of attorney-client privilege and/or the attorney work-product doctrine.  *See* Dkt. No. 100.  The Court recently resolved a similar dispute regarding Resh's invocation of attorney-client privilege during Mr. Resh's deposition (the "deposition dispute").  Dkt. No. 97.  The Court finds this dispute suitable for resolution without oral argument.  Civil L.R. 7-1(b).

　　　　The document or documents in dispute are identified as "Document 10209" in Resh's privilege log.  *See* Dkt. No. 100-1 at 1.  That entry bears the description, "Eric Resh Word/Paint documents addressed to [Resh's attorney]," and is further described as containing a "draft patent application of Mr. Resh's swimming pool pole inventions."  *Id.*

　　　　The Court notes that Skimlite only requests the production of Mr. Resh's "MS Paint drawings," *see* Dkt. No. 100 at 1, and that Resh conceded that these drawings, which were eventually published in its patent application, are "public and discoverable," in the parties' earlier submission regarding the deposition dispute, *see* Dkt. No. 95 at 7.  Now, however, Resh asserts

1   that these drawings are part of a "draft patent application" prepared by Mr. Resh and sent to his
2   attorney. Dkt. No. 100 at 4. This assertion appears to be inconsistent with the excerpts of Mr.
3   Resh's deposition testimony regarding his MS Paint drawings submitted to the Court in
4   connection with the deposition dispute. That testimony reflects that Mr. Resh shared the drawings
5   with one or more third parties in order to put his invention "into production." *See* Dkt. No. 95-1
6   (Resh dep. 64:20-67:7).

7   As the Court explained in its order resolving the deposition dispute, Federal Circuit law
8   applies to the privilege question presented here. *See* Dkt. No. 97 at 3; *In re Spalding Sports*
9   *Worldwide, Inc.*, 203 F.3d 800, 803-04 (2000). The attorney-client privilege protects from
10  discovery a client's confidential communications to an attorney for the purpose of obtaining legal
11  advice, as well an attorney's confidential communications to a client for the purpose of providing
12  legal advice. *In re Spalding,* 203 F.3d at 805 (citing *Upjohn Co. v. United States*, 449 U.S. 383,
13  390, 396 (1981)). "The work-product doctrine protects from discovery documents, tangible
14  things, or compilations of materials that were prepared in anticipation of litigation by a party or its
15  representative." *Waymo LLC v. Uber Techs., Inc.*, 870 F.3d 1350, 1362 (Fed. Cir. 2017) (citing
16  *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011)); *see also* Fed. R. Civ. P. 26(b)(3).

17  Resh argues that Document 10209 is a communication from Mr. Resh to counsel for the
18  purpose of seeking legal advice regarding patent prosecution. Dkt. No. 100 at 4. As noted above,
19  to the extent Document 10209 includes Mr. Resh's MS Paint drawings, that argument is at odds
20  with Resh's earlier submission in connection with the deposition dispute. The Court also notes
21  that the privilege log's description of Document 10209, which refers to "Word/Paint documents,"
22  does not match Resh's argument, as the entry appears to describe multiple documents, rather than
23  a single communication. *See* Dkt. No. 100-1 at 1. Nevertheless, Resh suggests that, if the Court
24  were to review Document 10209, it would be apparent that the privilege applies to the material
25  Resh has withheld. *See* Dkt. No. 100 at 4-5.

26  Given the discrepancies noted above, requiring Resh to submit Document 10209 to the
27  Court for *in camera* review may be the most expeditious means to resolve this dispute.
28  Accordingly, the Court orders Resh to provide the material corresponding to Document 10209 for

*in camera* review by **March 8, 2024**. The material shall be delivered to chambers and shall not be filed on the docket. For the reasons explained in the Court's order resolving the deposition dispute, the work-product doctrine does not apply to Document 10209. *See* Dkt. No. 97 at 5.

**IT IS SO ORDERED.**

Dated: March 4, 2024

VIRGINIA K. DEMARCHI
United States Magistrate Judge