UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RESH, INC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARRETT CONRAD, et al.,<br><br>　　　　　Defendants. | Case No.  22-cv-01427-EJD   (VKD)<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. Nos. 98, 101 |

　　　　Plaintiff Resh, Inc. ("Resh") asks the Court to seal portions of the deposition transcript of Eric Resh, its named investor, in this patent case regarding telescoping pools for cleaning pools. Dkt. Nos. 101.  The Court previously denied an earlier request to seal these materials because Resh failed to file a timely statement or declaration in support of sealing.  *See* Dkt. No. 97 at 1 n.1. Resh has now filed a statement in support of its sealing request (Dkt. No. 98) and a revised set of redactions (Dkt. No. 101-2).

　　　　There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016).  A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c).  *Id*. at 1098-99; *Kamakana*,

447 F.3d at 1179-80.  The discovery dispute at issue here does not address the merits of either party's claims or defenses, so the Court will apply the "good cause" standard of Rule 26(c).

Resh argues that that the information it seeks to seal includes trade secrets—namely the identities of individuals and companies who have manufactured its products.  *See* Dkt. No. 98 at 1; Dkt. No. 96-3.  It claims that this information has not previously been made public, nor has it been shared with defendants.  Dkt. No. 98 at 1.

The Court agrees that Resh has shown good cause to seal the limited portions of Mr. Resh's deposition transcript identified at Dkt. No. 101-1.  The redactions Resh proposes are minimal and narrowly tailored to protect against the potential harm that it identifies.  However, the Court notes that Resh's proposed redactions include information that was previously filed on the public docket.  *Compare* Dkt. No. 101-1 at ECF 2, *with* Dkt. No. 95-1 at ECF 14.

Accordingly, the Court orders that the deposition transcripts at Dkt. Nos. 96-3 and 95-1 be sealed.  Resh shall file a redacted public version of the transcript excerpts filed at Dkt. No. 96-3 (not just the pages it on which it seeks redactions) by **March 11, 2024.**

**IT IS SO ORDERED.**

Dated: March 4, 2024

*[signature: Virginia K. DeMarchi]*

VIRGINIA K. DEMARCHI
United States Magistrate Judge

2