UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RESH, INC,

        Plaintiff,

v.

BARRETT CONRAD, et al.,

        Defendants.

Case No.  22-cv-01427-EJD

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: ECF No. 150

On March 11, 2025, the Court granted in part and denied in part both parties' motions for partial summary judgment. *See* ECF No. 148 ("MSJ Order").  Before the Court is Plaintiff Resh, Inc.'s motion for leave to file a motion for reconsideration regarding the Court's ruling on obviousness.  ECF No. 150.

A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. Civ. L.R. 7-9(b)(1)-(3).

If a court did, in fact, consider a party's legal arguments, then that party "cannot show a

Case No.: 22-cv-01427-EJD
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
1

*manifest* failure by the [c]ourt to consider dispositive legal arguments," for purposes of Rule 7-9(b). *Bowoto v. Chevron Corp.*, No. C 99-02506 SI, 2007 WL 4224593, at *3 (N.D. Cal. Nov. 28, 2007) (cleaned up). Further, a "motion for reconsideration does *not* allow a litigant to present *new* arguments unless a material difference in fact or law exists from that which was presented to the [c]ourt, or new facts have emerged or a change of law has occurred after the order was issued." *United States v. Denkers*, No. 09-cv-03403-WHA, 2010 WL 3249340, at *2 (N.D. Cal. Apr. 23, 2010) (emphasis in original).

Resh seeks leave to file a motion for reconsideration on the grounds that the Court manifestly failed in (1) not addressing the "long felt but unsolved needs" secondary consideration of nonobviousness, and (2) not considering "the age of the references that Resh identified as confirming Defendants' decades-long unsuccessful efforts to solve that need." Mot. 2–3.

Reconsideration is not warranted for three reasons. First, Resh states that its pleadings and oral argument "were extensive on that issue." *Id.* at 3. No so. In its opening brief on this point, Resh dedicates one paragraph for argument related to secondary considerations in general, and even less as to any long-felt need in particular. Resh MSJ 21, ECF No. 126. Specifically, Resh argues "prior to Resh's '852 invention, there were no telescoping poles with the claimed configuration." *Id.* To support this argument, Resh cites to one piece of evidence: Eric Resh's declaration that states the same. *See* Resh Decl. ¶ 10 ("Before the '852 priority dates, there are no dated documents evidencing any offers for sale, sales, public disclosures, or public uses of the assembled '852 claimed inventions in the SJ Claims."). Resh further argued in its opening brief that "Defendants themselves had been in the telescoping pole business for decades (since the 1950's), and apparently they never found it 'obvious' to make any pole with the '852 patent's combination of features, until after seeing Resh's inventions." Resh MSJ 21. Again, Resh relies on the Resh Declaration for this assertion. He also refers the Court to over 50 pages of argument made during prosecution. *See* SUF 30 (citing to the '852 Patent's file history), ECF No. 126-1. For reasons stated in the MSJ Order, the Court will not consider arguments presented in this manner. *See* MSJ Order 32. On reply, Resh responds to Defendants' arguments regarding

Case No.: 22-cv-01427-EJD
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
2

secondary considerations in one sentence and states nothing regarding any long-felt need. Resh's Reply ISO Motion for Summary Judgment 15, ECF No. 132.

At the hearing on the parties' motions, Resh's counsel went beyond the parties' briefings and raised several arguments in support of Resh's position on secondary considerations. But any argument raised for the first time at the hearing is improper. *See Acasio v. Lucy*, No. 14-CV-04689-JSC, 2017 WL 1316537, at *10 (N.D. Cal. Apr. 10, 2017) (finding it "unfair and prejudicial to raise new arguments and authorities for the first time at oral argument").

Second, the Court *did* consider, and give due weight to, all the secondary considerations Resh presented, including any purported long-felt but unresolved needs, in reaching the ultimate conclusion on obviousness. *See* MSJ Order 33–34 (reaching obviousness determination only after "[b]alancing *all of the* secondary considerations"); *see also Crawford v. Uber Techs., Inc.*, No. 17-CV-02664-RS, 2018 WL 11364173, at *2, n.2 (N.D. Cal. Apr. 26, 2018) ("a district court is not required to track precisely every argument put forth in the parties' briefing.").

Third, for the avoidance of doubt, even revisiting this issue again does not convince the Court that Resh's secondary considerations overcome the showing of obviousness. Even assuming Defendants were in the pool cleaning business for decades but still only thought to develop a pole in the configuration identified in the '852 Patent after seeing Resh's poles, that does not speak to any long-felt need. At most, it suggests that Defendants thought Resh's pole configuration was a good idea and supports the "copying" secondary consideration—which the Court weighed in evaluating obviousness. *See* MSJ Order 32. Resh presented no evidence, for example, suggesting that poles as configured in the '852 Patent were long needed in the industry or that others were attempting to configure poles in this manner and failed to do so.[1] During the hearing, counsel for Resh argued that the twistable locking mechanism on Skimlite 5008 could

---

[1] In seeking reconsideration, Resh contends that it proffered "sworn admissions by both Defendants and Defendants' expert" admitting that "the long felt need was there beginning as long ago as 1959 and 1967 and 1981." Mot. 3. If Resh is referring to Defendants' expert's opinions regarding a POSA's motivation to combine or Defendants' deposition testimony, arguments based on those "admissions" in support of any secondary considerations do not appear in either of Resh's briefs.

Case No.: 22-cv-01427-EJD
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
3

1  loosen and cause undesirable movement of the inner tube.  Essentially, counsel for Resh pointed

2  out that the issues Defendants raise to show motivation to combine (*e.g.*, friction with the locking

3  mechanism) confirm there was a need for the detent locking mechanism.

4        Weighing all of the evidence of secondary considerations presented by Resh, including the

5  purported long-felt but unsolved need, the Court reaches the same conclusion: the secondary

6  considerations do not outweigh Defendants' affirmative case of obviousness in view of the prior

7  art.  *See Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1344 (Fed. Cir. 2013) ("[W]here a

8  claimed invention represents no more than the predictable use of prior art elements according to

9  established functions, as here, evidence of secondary indicia are frequently deemed inadequate to

10  establish non-obviousness.").  This is particularly true because the differences between the '852

11  Patent configurations and the prior art are minimal.  *See* MSJ Order 21–28; *see also ZUP, LLC v.*

12  *Nash Mfg., Inc.*, 896 F.3d 1365, 1374 (Fed. Cir. 2018) ("where the differences between the prior

13  art and the claimed invention are as minimal as they are here, however, it cannot be said that any

14  long-felt need was unsolved") (citations omitted).

15        **IT IS SO ORDERED.**

16  Dated: March 17, 2025

19  EDWARD J. DAVILA
United States District Judge

28  Case No.: 22-cv-01427-EJD
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
4