J. MARK HOLLAND (140453)
**J. MARK HOLLAND & ASSOCIATES**
a Professional Law Corporation
19800 MacArthur Boulevard, Suite 300
Irvine, CA 92612
Telephone: (949) 718-6750
Facsimile: (949) 718-6756
Email: office@jmhlaw.com

Attorneys for Plaintiff RESH, INC.

Joshua J. Stowell (Bar No. 246,916)
joshua.stowell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404
Facsimile: (949)-760-9502

Attorneys for Defendants
ROBERT CONRAD, INC. and JAMES R. CONRAD

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESH, INC. a California corporation,<br>　　　　　Plaintiff,<br><br>v.<br><br>ROBERT CONRAD, INC., a California corporation dba SKIMLITE MFG; and JAMES R. CONRAD, an individual,<br>　　　　　Defendants. | Civil Action No. 5:22-cv-01427-EJD<br><br>Judge Edward J. Davila<br><br>**JOINT TRIAL SETTING CONFERENCE STATEMENT**<br><br>Date: April 10, 2025<br>Time: 11:00 A.M.<br>Ctrm. 4, 5th Floor |

Pursuant to the Court's Order dated March 11, 2025 (DKT 148), the Court's Local Rules, and this Court's Standing Order for Civil Cases, the parties hereby jointly submit this Joint Trial Setting Conference Statement.

• **Jurisdiction: A short statement explaining the basis for the Court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims.**

The Court has subject matter jurisdiction over Plaintiff's claims and Defendants' counterclaims pursuant to 28 U.S.C. §§1331 and 1338(a). Those claims and counterclaims arise under the patent laws of the United States, Title 35, United States Code.

• **Substance of the Action: A brief description of the parties, a recitation of the facts**

**and a statement of the principal factual issues in dispute, as well as a description of the relief sought.**

<u>**Plaintiff's Statement**</u>:  As discussed below, Plaintiff Resh, Inc. ("Resh") respectfully submits that the Court can and should clarify that this lawsuit is now largely a "damages" case. Resh owns U.S. Patent No. 11,141,852, entitled "Telepole Apparatus and Related Methods" (the "'852 Patent").  Resh alleges that Defendants Robert Conrad, Inc. d/b/a Skimlite Manufacturing ("Skimlite") and James R. Conrad (collectively, "Defendants") make and sell telescoping pool pole products that infringe the '852 patent.

The Court recently granted summary judgment that Defendants' poles infringe, held that the '852 claims directed to 2-tube poles were invalid as obvious over a Hatcher reference, and held that Defendants had not met their burden to show that Claim 20 (directed to 3-tube poles) was invalid.

Remaining issues and related relief sought by Resh include:  damages; James Conrad's individual liability; a permanent injunction against Defendants' infringing products, and a finding of willfulness/exceptional case (supporting an award to Resh of enhanced damages and attorney fees).  Among other things, Resh's existing products support a permanent injunction regarding its patented 3-tube poles, and, in view of the Court's recent Order, Resh is actively expanding its pole product line in that regard.

Depending on whether and how Defendants try to further challenge the validity of Claim 20, and whether the Court permits such challenges, other factual issues will exist. The Court and/or jury may need to address factual issues regarding the obviousness of not just Claim 20 but also all of the 2-tube claims on which the Court recently ruled, and the required analysis of all of those facts regarding alleged obviousness. These include at least: (a) whether Defendants have shown that the A.G. Pro pole and Solakian pole qualify as prior art under the Supreme Court's *Barbed Wire* case (*Washburn & Moen Mfg. Co. v. Beat 'Em All Barbed-Wire Co.,* 143 U.S. 275, 292, 12 S. Ct. 443, 450, 36 L. Ed. 154 (1892)); (b) whether the Hatcher reference is appropriate prior art; and (c) whether objective evidence of non-obviousness (including multiple third party copying, long-felt but unsolved need, etc.) renders Claim 20 (and the other '852 claims) **non**-obvious.

**JOINT TRIAL SETTING CONFERENCE STATEMENT**  2
Civil Action No. 5:22-cv-01427-EJD

**Defendants' Statement**: Plaintiff Resh is the owner of asserted U.S. Patent No. 11,141,852 ("the '852 patent"). Resh filed this case on March 7, 2022 (Dkt. 1) alleging that three Defendants, Skimlite, James Conrad, and Barrett Conrad, infringed the '852 patent by making, using, selling, offering to sell, and/or importing into the United States certain telescoping poles for cleaning swimming pools sold under the brand name "Snap-Lite." *Id*. at ¶60. Due to numerous defects in the initial complaint, Resh also filed first and second amended complaints in response to motions to dismiss and orders from this Court. Dkts. 74, 114. In those orders, the Court dismissed several additional infringement theories raised by Resh including contributory infringement, alter ego liability, and induced infringement by James Conrad, and also dismissed Barrett Conrad as a Defendant for improper venue. Dkt. 138 at 18.

Pursuant to the Patent Local Rules, Resh served infringement contentions asserting that six models of the Snap-Lite poles infringed 15 claims of the '852 patent. Resh also served damages contentions claiming a combination of lost profit and reasonable royalty damages, in addition to more exotic forms of damages such as pre-issuance damages and price erosion that formed the bulk of Resh's damages demand. Resh never provided a total damages amount, but the initial damages demand appeared to fall around $1 million.

Defendant Skimlite is a third-generation, family-owned and operated business that has been manufacturing telescoping poles and maintenance equipment in the swimming pool industry since 1954. Barrett Conrad is the Skimlite's CEO and James Conrad, Barrett's father, is the company's President. Unfortunately, Defendants have been sued by Resh before. In 2018, Resh filed a declaratory judgment action against Skimlite seeking a declaration that a Resh patent was valid and that a Skimlite pole infringed the patent. The district court granted Skimlite's motion to dismiss without leave to amend because Skimlite had not engaged in any infringing conduct and a party cannot seek a declaration of patent validity.

When Resh began threatening Skimlite and its customers with the '852 patent, Skimlite immediately recognized that the '852 patent claims covered obvious and well-known telescoping poles. In an effort to avoid another unnecessary litigation, and approximately five months before Resh filed its Complaint, Skimlite identified for Resh the "Hatcher" patent (US Pat. 8.061,751), in

addition to other prior art, and explained how the Hatcher patent rendered the '852 patent claims invalid. Skimlite also explained that Resh was demanding unreasonable damages it was not entitled to, for example pre-issuance damages. Resh filed this suit anyway.

The Court has issued a series of Orders that have substantially narrowed the scope of this dispute. As noted above, the Court dismissed several of Resh's infringement allegations. The Court also dismissed Resh's claim for pre-issuance damages. Dkt. 138 at 18. More recently, the Court issued its Order on Cross Motions for Summary Judgment (Dkt. 148). In the Order, the Court found that the "Hatcher" patent invalidated 14 of the 15 patent claims asserted by Resh. *Id*. at 22-28. The only remaining asserted claim of the '852 patent, claim 20, requires three telescoping poles. *Id*. at 4. Notably, however, claim 20 was not part of the original '852 patent. Resh added the claim to the patent only after Defendants had announced their own three-piece pole based on well-known designs. Defendants have served invalidity contentions demonstrating that claim 20 is invalid based on numerous prior art references and for defects in the '852 patent. Defendants are prepared to present their invalidity case at trial, if necessary.

However, a trial in this case would waste precious court and party resources for very little recovery. In its infringement contentions, Resh asserted that only two models (6317, 6323) of Defendants' Snap-lite poles infringed claim 20. These two models (6317, 6323) are not large sellers for Defendants and make up less than 20% of the accused sales identified in Resh's damages contentions. Further, and most importantly, Resh does not sell a competing product having three telescoping poles and, therefore, cannot legally seek lost profits, price erosion damages, or a permanent injunction. In contrast to Resh, Skimlite has been selling its three-piece pole since 2019, roughly two years before the '852 patent even issued. The consequence is that even if Resh were to prevail at trial (and Defendants do not believe it will), any damages recovery would not cover the cost of litigation. Therefore, as set forth below, Defendants believe that further settlement negotiations may help resolve or further narrow this dispute and should be tried before the Court and parties incur the high costs associated with a trial.

• **Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.**

<u>Plaintiff's Statement</u>: Resh will show that, in addition to the corporate Defendant, James Conrad is liable individually under 35 U.S.C., for his infringing actions. As indicated above, Defendants have indicated that they may try to further challenge the validity of Claim 20. Resh listed above several factual issues related to any such effort by Defendants. Related legal issues include whether the A.G. Pro pole and Solakian pole are precluded as prior art by the Supreme Court's aforementioned *Barbed Wire* case, and the impact of evidence of non-obviousness under 35 U.S.C. 103 (of all the '852 claims) that the Court previously declined to consider in its recent summary judgment ruling (evidence of extensive copying and long-felt but unsolved need, etc.).

In addition, all of those non-obviousness facts must be reviewed properly, as noted by the Patent Office Patent Trial And Appeal Board ("PTAB") when it **<u>reversed</u>** the Examiner's initial holding that Resh's '852 patent claims were "obvious" (stating "… we do not sustain these Examiner's rejections under 35 U.S.C. § 103 because…the Examiner does not properly evaluate the objective evidence that the Appellant submitted…" 5/25/2021 *PTAB Dec. Appeal 2021-001239*. Defendants' expert Pratt and the Court must not only consider this evidence, but evaluate it properly.

<u>Defendants' Statement</u>: The disputed points of law include:

• Whether claim 20 of the '852 patent is invalid under 35 U.S.C. §§ 102, 103 and 112;

• Whether the '852 patent is invalid for obviousness-type double patenting under In re Cellect, 81 F.4th 1216 (Fed. Cir. 2023) and related cases;

• Whether Plaintiff has shown that Defendant James Conrad has infringed claim 20 of the '852 patent;

• If claim 20 of the '852 patent is not invalid and infringed, whether Resh has shown it is entitled to damages as a result of any alleged infringement of claim 20 of the '852 patent;

• Whether Resh has shown that Defendants' infringement has been willful;

• Whether Resh can obtain permanent injunctive relief against Skimlite's sale of a three-piece pole; and

- Whether this case is exceptional under 35 U.S.C. § 285.

• **Motions: All prior and pending motions, their current status, and any anticipated motions.**

**Plaintiff's Statement**: No motions remain pending. The Court has dismissed Barrett Conrad for improper venue, and issued its recent Summary Judgment Order and related order regarding Eric Resh's scope of testimony.

Resh expects to file motions in limine regarding at least the following: (a) the use by Defendants of the A.G. Pro pole and Solakian pole, for failure to support them sufficiently as prior art (as explained in the parties' summary judgment papers); (b) whether the related (and undated and allegedly prior art) Ex. 88 pole has been authenticated; (c) whether all of Defendants' other alleged evidence regarding the A.G. Pro pole should be barred as contaminated by the fruit of the poisonous tree (because Defendants improperly used that unauthenticated Ex. 88 pole in connection with every witness from whom they have sought evidence); (d) whether third party Jess Hetzner can appear as a witness (for that authentication or any other purpose), given his failure to appear for deposition in response to Resh's lawfully served subpoena and extensive subsequent efforts by Resh to reasonably accommodate Mr. Hetzner; and (d) whether other third party witnesses can appear as witnesses, for similar reasons.

**Defendants' Statement**: There are no pending motions. The outcomes of the prior motions filed by the Parties are identified below:

On March 28, 2022, Defendants filed a Motion to Extend Time to Respond to the Complaint (Dkt. 10), which was granted on April 1, 2022 (Dkt. 14).

On April 21, 2022, Defendants filed a Motion to Dismiss Plaintiff's initial complaint (Dkt. 19), which was granted in part on March 31, 2023 (Dkt. 71).

On October 28, 2022, the Parties filed a Joint Discovery Dispute Letter in which Defendants moved for an order compelling Plaintiff to respond to Interrogatories Nos. 1-2 (Dkt. 41). The Court granted Defendants' motion on November 14, 2022 (Dkt. 43).

On November 4, 2022, the Parties filed a Joint Discovery Dispute Letter in which Plaintiff moved for an order compelling Defendants to organize and label their document production (Dkt.

1   42). The Court denied Plaintiff's motion on November 14, 2022 (Dkt. 44).

2   On December 9, 2022, the Parties filed competing motions for entry of their preferred ESI Order (Dkts. 46, 47). The Court granted in part the Parties' motions on January 3, 2023 (Dkt. 53).

On May 18, 2023, Defendants filed a Motion to Dismiss Plaintiff's first amended complaint (Dkt. 77), which was granted on March 4, 2024 (Dkt. 102).

On September 21, 2023, Defendants filed a Motion for Leave to Amend Invalidity Contentions (Dkt. 81), which was granted on November 28, 2023 (Dkt. 92).

On April 8, 2024, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 115), which was granted in part on September 11, 2024 (Dkt. 138).

On June 12, 2024, Defendants filed a Motion to Preclude Any Expert Testimony from Eric Resh (Dkt. 125), which was granted in part on March 11, 2025 (Dkt. 148).

On June 19 and July 17, 2024, the Parties filed Cross Motions for Summary Judgment (Dkts. 126, 129), which were granted in part on March 11, 2025 (Dkt. 148).

On March 14, 2025, Plaintiff filed a Motion for Leave to File Request for Reconsideration Regarding Recent Summary Judgment Order (Dkt. 150), which was denied on March 17, 2025 (Dkt. 151).

- **Discovery: The status of discovery. If discovery has not been completed, the scope of any anticipated further discovery, and proposed modifications to the discovery plan, and a realistic estimate of when discovery will be complete.**

**Plaintiff's Statement**: Discovery has been completed. Contrary to Defendants' assertions below, Plaintiff has not suggested that the Parties should engage in additional discovery regarding this new alleged pole, but is willing to provide reasonable additional discovery on that issue if Defendants so desire. In addition, Plaintiff already produced during discovery and depositions Resh's prototype 3-tube poles that predate any 3-tube poles by Defendants.

**Defendants' Statement**: Pursuant to the Patent Scheduling Order (Dkt. 26), the "Fact Discovery Cutoff" occurred on March 6, 2024 (90 days after the Parties received the claim construction order), and the "Expert Discovery Cutoff" occurred on May 15, 2024 (21 days after rebuttal expert reports). Defendants have already voluntarily produced supplemental sales figures

for Snap-Lite models 6317, 6323 (the only remaining accused products).  Defendants are not aware of any additional discovery that is needed before trial.

Plaintiff has informed Defendants that it intends to "launch" a three-piece telescoping pole in an effort to manufacture evidence that might support a permanent injunction.  Plaintiff has suggested that the Parties should engage in additional discovery regarding this new alleged pole.  Defendants object to the re-opening of discovery.  The parties have already engaged in years of discovery at substantial cost.  Plaintiff's attempts to manufacture evidence at this late date are improper and, even if successful, would not support a permanent injunction.

• **Settlement and ADR: A description of all ADR efforts to date and whether further ADR efforts should be pursued prior to trial.**

The Parties held an Early Neutral Evaluation ("ENE") session by Zoom on October 14, 2022 before Evaluator Roderick M. Thompson.  The ENE session did not result in a settlement.  While counsel for the Parties have generally discussed settlement since that time, neither party has made any settlement proposals.

However, the Parties agree that further settlement discussions may be fruitful.  If the Court agrees, the Parties request a referral for a settlement conference before a Magistrate Judge.  Defendants believe the settlement conference should take place before the Court sets any further case schedule and the Court and Parties expend additional resources on this case.  Plaintiff notes that, depending on whether and when those efforts can be scheduled, Plaintiff's suggested trial dates below may need to be modified.

• **Bifurcation and Separate Trial of Issues: A statement addressing whether bifurcation or a separate trial of specific issues is appropriate or desired.**

<u>Plaintiff's Statement</u>:  Plaintiff does not believe bifurcation or a separate trial of specific issues is appropriate.  One possible exception would be if the Court wishes to initially consider the aforementioned evidence of non-obviousness (of all the '852 claims) that the Court previously declined to consider in its summary judgment ruling (evidence of extensive copying and long-felt but unsolved need, etc.).  The Court's ruling on that issue could significantly streamline the rest of the trial, and may avoid the need for an additional trial on damages caused by Defendants' 2-tube

poles.

**Defendants' Statement**: No bifurcation or separate trial of issues is requested by Defendants at this time.

• **Trial: A brief statement describing each party's readiness for trial, whether the case will be tried before a jury or to the Court, and a realistic estimate of the length of the trial.**

**Plaintiff's Statement**: Subject to any ADR efforts as mentioned above, Plaintiff expects to be ready for trial as of the dates proposed below. Among other things, the '852 patent inventor Eric Resh is also a high school teacher, and the dates below should facilitate his participation in the preparation for and occurrence of the trial. Plaintiff estimates needing five days for trial (or 2 days if only damages and James Conrad individual liability is tried).

**Defendants' Statement**: Subject to the pretrial filings discussed in the scheduling section below, and the settlement conference discussed above, this case is ready for trial. The Parties have requested a trial by jury of all issues so triable. Defendants anticipate needing three days for jury selection and trial of the issues in this case.

• **Scheduling: Any proposed modifications to the Case Management Schedule, as well as proposed dates for the Final Pretrial Conference and Trial.**

| Proposed Date for | Plaintiff | Defendants |
|---|---|---|
| Final Pretrial Conference | June 19, 2025 | Sept. 11, 2025 |
| Proposed Date for Trial | July 24, 2025 | Sept. 23, 2025 |

**Defendants' Statement**: Defendants believe a settlement conference would be most fruitful before the Parties expend additional resources on this case. Therefore, Defendants request that the Court refer the Parties to settlement conference and wait to set a new case schedule until after the settlement conference is completed.

If the settlement conference does not result in settlement, Defendants anticipate the Parties would need at least five months to complete all the pre-trial filings before trial. Defendants anticipates filing several motions *in limine* to address matters raised by Resh in this case, as well as motions challenging Resh's deficient damages contentions. These motions could have a

**JOINT TRIAL SETTING CONFERENCE STATEMENT**                                                              9
Civil Action No. 5:22-cv-01427-EJD

significant impact on whether trial proceeds.

• **Other Matters: Such other matters that may facilitate the just, speedy and inexpensive disposition of the matter.**

**Plaintiff's Statement**:  Upon completion of presenting evidence at trial, or at whatever point during trial that the Court instructs, Resh intends to renew its Motion for Leave to File Motion for Reconsideration, in view of the aforementioned evidence of non-obviousness (of all the '852 claims) that the Court previously declined to consider in its summary judgment ruling (evidence of extensive copying and long-felt but unsolved need, etc.).  If the Court permits Resh's motion and eventually holds that Defendants have failed to prove the relevant '852 claims are obvious, the parties can complete the relevant damages evidence regarding Defendants' 3-tube poles and 2-tube poles, and the issues remaining for the Court and the jury will be greatly simplified.

**Defendants' Statement**: Defendants are not aware of any such matters.

Dated: April 2, 2025              /s/ J. Mark Holland
                                  J. Mark Holland
                                  Counsel for Plaintiff

Dated: April 2, 2025              /s/ Joshua J. Stowell
                                  Joshua J. Stowell
                                  Counsel for Defendants

https://d.docs.live.net/365d5d3a52bd96fc/Clients/RESH/L4084_Skimlite-Conrad_2021-06/Pleadings/2025-04-02_Joint_Trial_Setting_Conference_Statement/2025-04-02 Joint_Trial_Setting_Conference_Statement_FINAL3.docx