United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RESH, INC,

Plaintiff,

v.

BARRETT CONRAD, et al.,

Defendants.

Case No. 5:22-cv-01427-EJD

**ORDER DENYING MOTION FOR COSTS, FEES**

Re: ECF No. 218

Before the Court is Plaintiff Resh, Inc.'s ("Plaintiff") motion for attorneys' fees, costs, and expenses incurred as a result of Plaintiff's deposition of Defendants' substitute technical expert, Dr. Feland ("Motion"). Mot., ECF No. 218. Defendants oppose Plaintiff's Motion. Opp'n, ECF No. 219. For the reasons set forth below, Plaintiff's Motion is DENIED.

## I. BACKGROUND

Trial was scheduled to begin on May 12, 2026, when, on March 20, 2026, Defendants moved this Court to substitute a new technical expert, Dr. Feland, for their previous technical expert, Dr. Pratt. ECF No. 189. Defendants explained that Dr. Pratt had begun suffering a medical condition relating to his eyesight and needed to have surgery, such that he would not be able to testify at the upcoming trial. *Id.* at 1. Defendants sought expedited review of their motion, hoping to resolve the matter far enough in advance of the trial to avoid prejudice to either Party. ECF No. 190. Accordingly, on April 9, 2026, the Court heard the Parties' arguments on Defendants' motion, and, finding good cause for the substitution, granted Defendants' motion to replace Dr. Pratt with Dr. Feland. ECF No. 202. The Court also asked the Parties to meet and confer about the trial date, and whether the trial schedule should be amended. April 9, 2026, Hr'g

Tr. ("Hr'g Tr.") 16:2–4, ECF No. 205. The Court held a follow-up status conference on April 23, 2026, to discuss the Parties' positions on the trial schedule. At this conference, Plaintiff's counsel suggested that the trial be continued because he did not have the bandwidth to prepare for and take Dr. Feland's deposition in addition to preparing for the trial. April 23, 2026, Hr'g Tr. 25:21–25; 42, ECF No. 215. Recognizing Plaintiff's request as well as scheduling constraints presented by both Parties, the Court extended the trial date to November 2, 2026, allowing Plaintiff time to depose Dr. Feland. *Id.* at 25:21–25; 42. Now, Plaintiff requests that the Court order Defendants to pay the costs associated with Plaintiff's deposition of Dr. Feland.

## II. LEGAL STANDARD

The Parties disagree about the applicable legal standard. Plaintiff contends that Federal Rule of Civil Procedure 16(b) governs. Mot. 3. This Rule provides that a scheduling order "may be modified only for good cause and with the judge's consent." Further, Plaintiff suggests that courts have "inherent authority to fashion appropriate equitable conditions to neutralize the prejudice a late amendment creates for the non-moving party." *Id.* at 3. On the other hand, Defendants construe Plaintiff's request as a request for sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1). Opp'n 4–5. The Court agrees that Plaintiff's motion, which exclusively seeks costs and expenses from Defendants for the deposition of their substituted expert, is more appropriately considered as a motion for sanctions.[1] *See Morel v. Daimler-Chrysler Corp.,* 259 F.R.D. 17, 23 (D.P.R. 2009) ("Plaintiffs' other request, requiring defendant to pay plaintiffs' expenses, is an unwarranted sanction."). In any event, even if the Court considered this Motion as a renewal of the request that Plaintiff made in its opposition to Defendants' substitution motion, the Court notes that in the Rule 16 context, "[g]enerally, in cases in which courts have awarded

[1] Each of the cases that Resh cites relies on the Rule 16(b) standard to determine if there is good cause to amend the scheduling order. These cases do not apply the good cause standard to determine whether fees should be shifted from one party to the other. Further, courts have noted that as to the substitution request itself, the Rule 16(b) and Rule 37(c) factors are "largely coextensive." *Gbarabe v. Chevron Corp.*, 2017 WL 956628, at *17 n.19 (N.D. Cal. Mar. 13, 2017) (citing *Fidelity Nat. Financial, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 308 F.R.D. 649, 652 (S.D. Cal. 2015)).

costs and expenses associated with the substitution of an expert, there has been some evidence of bad faith, fault, or tactical maneuvering on the part of the party making the substitution." *TIC - The Indus. Co. Wyoming v. Factory Mut. Ins. Co.*, 2012 WL 2830867, at *10 (D. Neb. July 10, 2012) (citing *Doctor's Assocs., Inc. v. QIP Holder LLC*, 2009 WL 5184404, at *4 (D. Conn. Dec. 23, 2009)); *see also* Opp'n 6. There is evidence of none of these things here. Rather, Defendants have represented that Dr. Feland's testimony will be limited to the original expert's report, and the Court found that Defendants acted diligently to identify a substitute expert when they became aware of the Dr. Pratt's medical condition. *See* Hr'g Tr. 9:4–8. The Court is also unaware of any information that casts doubt on the veracity of counsel's declaration describing the necessity of the substitution. *Id.* at 12.

Federal Rule of Civil Procedure 26(a)(2)(D) provides that parties must make disclosures related to expert witnesses "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Rule 37(c) in turn provides sanctions for the failure to disclose an expert witness in a timely manner. Specifically, Rule 37(c) states, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). Pursuant to Rule 37(c), a court may also impose additional sanctions, as it finds appropriate. Fed. R. Civ. P. 37(c)(1).

## III. DISCUSSION

Resh contends that it "does not seek sanctions under Rule 37(c)(1)" but seeks "additional conditions associated with permitting the Defendant's requested substitution" which Plaintiff suggests is a narrower request. Reply 1. However, Plaintiff effectively concedes that if

considered from a Rule 37 perspective, *In re Northrop Grumman Corp. ERISA Litig.,* explains that "once a Rule 16 modification is granted, the substitution 'will comply with the requirements of Rule 26(a) and will not trigger the sanctions in Rule 37(c)(1).'" 2016 WL 6826171, at *2 (C.D. Cal. Apr. 7, 2016); Reply 2. Here, because the Court has already granted Defendants' motion to amend the scheduling order to substitute Dr. Feland, Defendants are in compliance with the Rules' requirements, such that sanctions are inappropriate.

Setting aside that Defendants' motion for substitution has been granted, the Court considers Plaintiff's remaining arguments. Plaintiff asserts that even if the Court treats Plaintiff's request as "sounding in the Court's sanction or cost-allocation authority," Resh remains entitled to costs because the Court's ruling established that Defendants' last-minute expert substitution *did* prejudice Resh. Reply 3. The Court considers the factors commonly relied upon by courts to assess whether the late substitution is justified or harmless to guide its analysis. *See Lanard Toys Ltd.*, 375 F. App'x at 713.

**A. Prejudice & Ability to Cure Prejudice**

Plaintiff argues that because Defendants moved to substitute their technical expert "on the eve of trial" it suffered "timing prejudice." Mot. 1. This prejudice resulted from the limited time that Plaintiff would have to review Defendants' new expert report and depose Dr. Feland. *Id.* at 2. To cure this prejudice, the Court continued the trial by a period of six months "to allow Resh sufficient time . . . to take the deposition" of Dr. Feland. *Id.; see also id.* at 5 ("The Court continued the trial and authorized the deposition of Dr. Feland precisely to reduce and address the prejudice to Resh."); Opp'n 7.

In addition to being mitigated by the continued trial date, Defendants also underscore that any potential prejudice to Plaintiff because of the risk that Dr. Feland's trial opinions will be different from Dr. Pratt's is remedied because Defendants have limited the scope of Dr. Feland's testimony. *See* Opp'n 7. In particular, Defendants have agreed to limit Dr. Feland's testimony to the invalidity grounds and arguments that were previously addressed by Dr. Pratt. Opp'n 7. Defendants' agreement is consistent with the typical practice of limiting the substituted expert's

United States District Court
Northern District of California

report and testimony to "the subject matter and theories already espoused by the former expert." *Chien Van Bui v. City & Cnty. of San Francisco*, 2018 WL 4959056, at *2 (N.D. Cal. Jan. 31, 2018). As courts in this Circuit have found, "limiting the new opinion in this manner" minimizes any prejudice to Plaintiff. *U.S. ex rel. Agate Steel, Inc. v. Jaynes Corp.*, 2015 WL 1546717, at *2 (D. Nev. April 6, 2015); *Jones v. Nat'l R.R. Passenger Corp.*, No. 15-cv-02726-TSH, 2022 WL 689000, at *3 (N.D. Cal. Feb. 23, 2022). Plaintiff suggests that "Defendants (without exception) have refused to agree to appropriate limitations (guardrails) on their new expert and his opinions and testimony . . . [and] refused to agree to those limitations during colloquy with the Court." Reply 4. But this suggestion contradicts what took place at the hearing:

> THE COURT: Okay. And would the substitution also include an agreement that his testimony would be limited to Dr. Pratt's report and in essence it sounds like – it's an 11-page report I think that you submitted?
> MR. STOWELL: Correct.
> THE COURT: And I agree with you, it looks like he incorporates by reference numerous paragraphs, and he would stick to that. You wouldn't – you're not seeking to expand his testimony in any other way?
> MR. STOWELL: Correct, Your Honor, exactly.

Hr'g Tr. 4:4–14. The Court has no reason to doubt the representations that Defendants' Counsel made to the Court regarding the scope of Dr. Feland's opinions and testimony.

Finally, Plaintiff suggests that "timing prejudice and financial prejudice are distinct" and that Plaintiff's "financial prejudice" has not been cured. Reply 4. But Plaintiff does not cite any authority for this position, and litigation costs are an inherent characteristic of any lawsuit.[2] *Park v. CAS Enterprises, Inc.*, the sole case upon which Plaintiff relies for the notion that curing timing prejudice does not cure financial prejudice, involves the substituting party's "willful disobedience of [the court's] orders," a departure from the scenario here, where there is no suggestion that Defendants are disobeying the Court's orders. 2009 WL 4057888, at *4 (S.D. Cal. Nov. 19,

---

[2] The Court also notes that it is not as if Defendants have not incurred unexpected costs as a result of Dr. Pratt's unforeseeable medical issues. *See* Opp'n 8 (in addressing the issues relating to Dr. Pratt's medical condition promptly, "Defendants' [*sic*] incurred their own fees and costs, some of which were caused by Plaintiff's decision to oppose the substitution based on unsupported speculation that Dr. Pratt was misrepresenting his condition and its own tactical maneuvering to reopen fact discovery").

2009).

In sum, the Court finds that any unfair prejudice to Plaintiff as a result of the substitution has been appropriately addressed by the trial continuance and the limitations imposed on Dr. Feland's testimony.

**B. Bad Faith or Willfulness**

Plaintiff suggests that Defendants are "at [l]east [p]otentially" attempting to designate a better expert and points to an array of previous cases in which Dr. Pratt served as an expert to assert that he "was less than an optimum expert witness" in this action. Mot. 6–7. Plaintiff's reliance on Dr. Pratt's experience in prior cases is misplaced, and as Defendants point out, irrelevant. *See* Opp'n 8. In *Kyocera Senco Indus. Tools Inc. v. Int'l Trade Comm'n*, the Federal Circuit found that Dr. Pratt did not meet the definition of "skilled artisan" as adopted during claim construction, a decision that has no bearing on this action. 22 F.4th 1369, 1376 (Fed. Cir. 2022). In another case upon which Plaintiff relies, *Southco, Inc. v. Fivetech Tech. Inc.*, a district court in the Eastern District of Pennsylvania found that Dr. Pratt's testimony did not create a triable issue of fact on summary judgment. 2013 WL 5298576, at *7 (E.D. Pa. Sept. 20, 2013). The court there did not question or suggest, however, that Dr. Pratt's credibility or expertise was "less than optim[al]." *See id.* Further, the portion of the *Southco* opinion that Plaintiff excerpted underscores that the court's decision was cabined to a narrow question: "whether the Series 46 screws infringe[d] the '012 patent language." Mot. 8 (citing *Southco*, 2013 WL 5298576, at *9). Finally, Plaintiff suggests that "Dr. Pratt was even found to have violated a court order." *Id.* (citing *360Heros, Inc. v. Gopro, Inc.*, 2023 WL 4952532, at *4 (D. Del. Aug. 3, 2023)). In its Reply, Plaintiff subsequently withdrew any suggestion of a violation by Dr. Pratt, but states instead that *360Heros, Inc.* "illustrat[es] why Resh reasonably seeks to examine, rather than presume, the contours of a new expert." Reply 6. It is unclear how this case supports Plaintiff's desired illustration. In *360Heros, Inc.* the plaintiff moved for a new trial because it alleged that Dr. Pratt violated the court's motion *in limine* rulings by mentioning that he was deposed in a previous litigation. *360Heros, Inc.*, 2023 WL 4952532, at *4. Dr. Pratt was asked to confirm that

he had been deposed previously in the action, and in responding, started to provide a list of his prior depositions, including "the California trial." *Id.* The Judge interrupted Mr. Pratt and asked that he respond only "yes or no." *Id.* As with the other cases that Plaintiff cites for its assertion that Defendants are "potentially" trying to designate a better expert, this case fails to further Plaintiff's position. It says nothing of Dr. Pratt's credibility or technical expertise, and in fact demonstrates that Dr. Pratt has been a sought-after expert in many cases. Indeed, prior to the substitution, Plaintiff never challenged Dr. Pratt's credentials or methodology. Opp'n 1 (noting that Plaintiff never filed a motion to exclude or a *Daubert* motion).

Plaintiff otherwise "does not contend that Defendants acted in bad faith" but suggests that Defendants delayed in advising the Court of the "alleged" health issues of their original expert. Reply 4. The Court previously reviewed the Parties' papers and heard argument regarding the chronology of events surrounding Dr. Pratt's substitution. *See* Defs' Mot. to Amend Scheduling Order 1–3, ECF No. 189. Defendants indicated that they first learned of Dr. Pratt's new medical condition on March 11, 2026, notified Plaintiff of the situation by call and email the same day, and after attempts to reach an informal agreement with Plaintiff failed, Defendants filed their motion seeking substitution on March 20, 2026. The Court finds that the passage of nine days between when Defendants first learned of Dr. Pratt's medical condition, and when they first filed their motion, does not suggest bad faith or willfulness. This is especially the case where Defendants informed Plaintiff's counsel of the development the very same day that Defendants learned of it.

On the record before it, the Court finds that there was no bad faith or willfulness by Defendants in moving to substitute their technical expert after the deadline to do so had passed.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for attorneys' fees, costs, and expenses associated with the substitution of Defendants' technical expert.

**IT IS SO ORDERED.**

Dated: September 30, 2026

EDWARD J. DAVILA
United States District Judge